GEORGE H. RAINVILLE, Plaintiff, *v.* LOUIS KEIL, Defendant.

County Court, Dutchess County, August 25, 1933.

*Hulbert & Heermance,* for the plaintiff.

*Holley & Oxenberg,* for the defendant.

FLANNERY, J. This is a motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, as amended, pursuant to section 82 of the Judiciary Law, by an order dated May 11, 1933, which became effective June 15, 1933.

Plaintiff is a bricklayer and was employed by the defendant to work at his trade, being paid therefor the sum of eight dollars per day under a contract between the defendant and the State of New York, acting through the Bureau of Mental Hygiene. In December, 1932, a complaint was filed with the Industrial Commissioner of the State of New York, charging the defendant with violating the provisions of section 220 of the Labor Law by reason of the defendant's failure to pay bricklayers the prevailing rate of wages on the public work covered by the aforementioned contract, which said

work was being done at the Matteawan State Hospital, city of Beacon, county of Dutchess. After a hearing the Industrial Commissioner made a determination and order sustaining the complaint and directing the defendant to pay the sum of thirteen dollars and seventy-five cents per day of eight hours to all bricklayers who have been or may thereafter be employed by the defendant on said public work under the said contract. Thereafter, and within thirty days from the receipt of the notice of filing of said order, the defendant obtained an order of certiorari in the Appellate Division of the Supreme Court, Second Department. On the 22d day of July, 1933, the said Appellate Division determined said certiorari proceeding in favor of the defendant and annulled the order previously made by the Industrial Commissioner and remitted the matter to the Industrial Commissioner for rehearing and determination.

Plaintiff's attorneys raise the point that a complaint cannot be dismissed under this rule. This was true prior to the amendment just mentioned, but the new rule, as set forth in the Official Advance Sheets, No. 1695, published June 24, 1933, at page 3 of the Amendments to Rules of Civil Practice, provides that in an action on a statute to recover a sum of money other than a penalty, a complaint may be dismissed on motion of the defendant.

Plaintiff seeks to invoke section 1295 of the Civil Practice Act providing that a certiorari order does not stay execution of the determination to be reviewed. This need not be considered upon the motion, inasmuch as a final order of the Appellate Division has been entered annulling the determination to be reviewed. Therefore, this section has no application on this motion.

The plaintiff ingeniously seeks to prevent judgment against him by an attempt to invoke the doctrine of beneficiary contracts. There is no need of a discussion on the point that the sovereign State can enter into contracts which provide for incidental benefits to laborers or artisans or that these incidental beneficiaries can sue the contracting party in their own name and on their own behalf for the benefits.

It is also true, as contended by plaintiff, that the prevailing rate of wage is subject to proof in a court of law. However, plaintiff has chosen his ground and brings an action as appears from the complaint under section 220 of the Labor Law of the State of New York. The said section sets up a method by which this beneficiary clause in State contracts can be enforced and by which the indefinite " prevailing rate for a day's work " can be determined. Plaintiff has taken advantage of the procedure outlined by statute and has brought his action for a liquidated sum allegedly due as found by the Industrial Commissioner, pursuant to that statute. The finding

of the Industrial Commissioner having been annulled and a rehearing ordered, the proper remedy for the plaintiff is to submit to that rehearing. This matter having been initiated before the Industrial Commissioner, pursuant to the statute and having been brought to the Appellate Division and by them sent back to the Industrial Commissioner, this court will not assume jurisdiction to determine the prevailing rate of wage. This would be necessary if the actions as brought were tried inasmuch as there is no valid guiding determination by the Industrial Commissioner.

It is immaterial whether the plaintiff is confined solely to his right under section 220 of the Labor Law or has the option of bringing a common-law action. In the instant case the action was brought under the statute and the power to determine the prevailing rate of wage intrusted to the Industrial Commissioner. This court will not usurp that power by permitting the same controversy to be tried out before it. In the memorandum of plaintiff's attorneys it is stated that " the plaintiffs herein may be able on a trial by common law proof, establish that the rate is $13.75 a day. If they sue on the contract, they will have that right." This is a tacit admission that whatever plaintiff's rights might be before this court in that action, they cannot succeed on this motion.

Plaintiffs insist that the motion is not prematurely brought; that this action was properly brought before the thirty days provided by section 220 for the aggrieved party to seek a writ of certiorari, after the filing of the order of the Industrial Commissioner, and if the Commissioner's order is not reviewed by certiorari, the plaintiff should not be compelled to wait thirty days before enforcing the rights claimed under said order. The statute, however, throughout, scrupulously distinguishes between " determination " and " order " and " final determination " and " final order," and it is the apparent intent of the Legislature to give the defeated party a period of thirty days during which his appeal may be taken. This is no more harsh or inequitable than the customary thirty-day stay granted the defeated party in any action at law.

The motion for summary judgment is granted, with costs to this defendant.

I now turn to the question of costs. As above stated, there are thirty-eight separate and distinct actions and likewise thirty-eight separate and distinct motions. It is regrettable that one motion was not brought on as a test motion, which would have thereby saved a great deal of expense. However, the defendant elected to bring these many motions for a final determination of all the actions involved, and was undoubtedly put to considerable expense in doing so, and of course he was in his legal rights in so

doing. On the other hand, the plaintiffs in these actions are engaged in working at their trade for a livelihood, and during these times of economic stress and the fact that their work is not steady in the entirety, and that they are more of the seasonal artisans, I am, therefore, bound to take that into consideration in the determination of these costs, and it is not my desire to impose any heavy penalties in the way of costs on these plaintiffs. I, therefore, after seriously considering the question and the justice to these plaintiffs and this defendant, reduce the ordinary and accepted costs, because of the multiplicity of the actions involved.

I, therefore, award costs to the defendant of four dollars on each motion and twenty-five dollars disbursements on the motion of Rainville against Keil.

Submit orders.