L. Barron Hill, J.
Plaintiffs move for summary judgment. The complaint seeks to plead a cause of action under section 39-a of the Lien Law. This section recites in part: ‘‘ Where in any action or proceeding to enforce a mechanic’s lien upon a private or public improvement the court shall have declared said lien to be void on account of wilful exaggeration' the person filing such notice of lien shall be liable in damages to the owner or contractor.”
The defendant filed a mechanic’s lien against plaintiffs. Subsequently an order was entered in this court, on default, discharging the lien. It was alleged by the lienees (plaintiffs herein), on said motion, that the lien was willfully exaggerated. Thereafter, plaintiffs commenced this separate action to recover the damages set forth in section 39-a of the Lien Law including the full amount of the lien of $6,750 and now seek summary judgment for $8,000.
At no time has the defendant commenced an action to enforce the lien, and at no time has there been a judicial determination of willful exaggeration in a foreclosure action as is required. (Durand Realty Co. v. Stolman, 197 Misc. 208, affd. 280 App. Div. 758.)
On a motion for summary judgment the court can grant judgment for either party even absent a cross motion for that purpose. (Rules Civ. Prac., rule 113.)
Where the complaint fails to state a cause of action defendant is entitled to summary judgment. (Bell v. Salkind, 198 Misc. 613; cf., Rainville v. Keil, 148 Misc. 795.)
I find no authority for the action which plaintiffs have commenced and the complaint fails to state facts sufficient to constitute a cause of action. The remedy afforded to lienees by *946 section 39-a of the Lien Law is available only when the lienor seeks to enforce his lien.
Accordingly, plaintiffs’ motion is denied and summary judgment dismissing the complaint is awarded defendant.
Settle order.