■ In the Matter of TULLY CONSTRUCTION COMPANY, INC., Respondent, v UNITED MINERALS, INC., Appellant. [633 NYS2d 91] —Spain, J. Appeal from an order of the Supreme Court (Harris, J.), entered December 22, 1994 in Albany County, which, *inter alia,* granted petitioner's application pursuant to Lien Law § 21-a to vacate and discharge a mechanic's lien filed by respondent.

Respondent sold approximately 7,000 tons of limestone to R&S Concrete and Paving, Inc. at a cost of $57,746.98. When R&S failed to pay for the stone, respondent investigated its claim and determined that R&S had delivered the stone to a construction site where petitioner was the general contractor. Respondent filed a mechanic's lien pursuant to Lien Law § 12. Petitioner, contending that it had no relationship with either respondent or R&S and that it had supplied its own stone, moved to discharge the lien. Petitioner also asserted that the lien was willfully exaggerated and requested damages and counsel fees pursuant to Lien Law § 39-a, together with costs and disbursements. In opposition to the motion, respondent produced witnessed statements by R&S drivers that they had delivered stone from respondent's facility to the construction site. Respondent requested an evidentiary hearing. At oral argument, petitioner acknowledged that it had received 7,000 tons of limestone at a cost of approximately $50,000 and admit-

ted that it had not supplied its own stone. At the conclusion of oral argument and without a hearing, Supreme Court discharged the lien, granted petitioner counsel fees in the sum of $7,500, awarded costs of $1,014 and sanctioned respondent in the amount of $5,000. Respondent appeals.

We conclude that Supreme Court erred in awarding petitioner counsel fees, costs and sanctions. Supreme Court's inquiry into the merits of petitioner's application pursuant to Lien Law § 39-a was unnecessary. "The remedy afforded to lienees by section 39-a of the Lien Law is available only when the lienor seeks to enforce his lien" (*Finger v Roth Bros. Regal Rest. Supply Corp.*, 2 Misc 2d 944, 945-946; *see also, Reeve Serv. Corp. v Raab*, 64 AD2d 826; *Durand Realty Co. v Stolman*, 197 Misc 208, *affd* 280 App Div 758). Petitioner made a motion to vacate a mechanic's lien; therefore the relief granted beyond vacating the lien should have been denied. In the instant case the lienor did not seek to enforce or foreclose the lien; the granting of relief pursuant to Lien Law § 39-a was improper.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed sanctions and awarded counsel fees and costs; and, as so modified, affirmed.