OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Plaintiff is a 50% owner of certain premises; plaintiffs daughter and defendant Charli Leibovich are each 25% owners. Using a forged power of attorney for plaintiff and plaintiffs daughter, Leibovich obtained a $198,000 equity line of credit secured by the premises. It is alleged that, at the closing on this line of credit, a check was issued, payable solely to Leibovich. Defendant National City Bank, upon being advised of the fraud, conducted an independent investigation, following which the lien associated with the line of credit was removed from the premises.
Plaintiff brought this action against, inter alia, the mortgage brokers who facilitated the loan, against the bank, and against Capital Abstract Company, Inc., the title insurance company that was retained by the bank in connection with the issuance of the equity line of credit and loan to Leibovich, alleging injury to his credit rating resulting from the wrongful issuance of an equity line of credit secured by the premises. The bank moved, pursuant to CPLR 3211 (a) (7), to dismiss the complaint against it for failure to state a cause of action, following which Capital similarly moved to dismiss. While Capital’s motion was pending, the Civil Court (Kenneth P. Sherman, J.), by order entered September 27, 2007, granted the bank’s motion, on the grounds that plaintiff had failed to plead damages with sufficient particularity, had failed to allege privity of contract with the bank, had failed to alleged any nexus between the bank’s actions and any damage plaintiff had suffered, and had failed to state a cause of action against the bank. Plaintiff did not appeal that order. By order entered February 25, 2008 (Sylvia G. Ash, J.), the Civil Court granted Capital’s motion to dismiss the complaint as against it, noting that plaintiff lacked privity with *60 Capital, and concluding that no special circumstances were presented that could justify imposing liability upon Capital for any damages suffered by plaintiff as a result of Capital’s failure to discover the forgery that enabled Leibovich to obtain the loan secured by the premises. Plaintiff appeals from this order.
It is well settled that, on a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court should accept the facts pleaded in the complaint as true and, affording the plaintiff the benefit of every possible favorable inference, should determine whether such facts state a cognizable cause of action (see e.g. Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Leon v Martinez, 84 NY2d 83, 88 [1994]). If a plaintiff can succeed upon any reasonable view of the allegations, the complaint may not be dismissed (Velazquez v Decaudin, 49 AD3d 712 [2008]; Dunleavy v Hilton Hall Apts. Co., LLC, 14 AD3d 479, 480 [2005]).
The underlying wrong asserted here is Capital’s alleged “grossly negligent” failure to detect the forgery in the powers of attorney, despite suspicious circumstances. Absent evidence of fraud, collusion or other special circumstances, a title company hired by one party generally is not subject to suit for negligent performance by one other than the party who contracted for its services (Calamari v Grace, 98 AD2d 74, 83 [1983]; see also Sabo v Alan B. Brill, P.C., 25 AD3d 420 [2006]; 1 NY Jur 2d, Abstracts § 8).
In Credit Alliance Corp. v Arthur Andersen & Co. (65 NY2d 536, 551 [1985]), the Court of Appeals specified prerequisites that must be satisfied in order to extend accountants’ liability outside the sphere of privity:
“(1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants’ understanding of that party or parties’ reliance. While these criteria permit some flexibility in the application of the doctrine of privity to accountants’ liability, they do not represent a departure from the principles articulated in Ultramares Corp. [v Touche, 255 NY 170 (1931)], Glanzer [v Shepard, 233 NY 236 (1922)], and White [v Guarente, 43 NY2d 356 *61 (1977)], but, rather, they are intended to preserve the wisdom and policy set forth therein.”
The same policies were held to govern the scope of a title abstracter’s liability (see Kidd v Havens, 171 AD2d 336 [1991]).
Here, Capital was aware that its report was to be used for a particular purpose, to wit, to provide the bank, the party that hired Capital, with information with regard to an application to procure an equity line of credit or loan, secured by the premises, for a minority owner of the premises; the bank relied on Capital’s report in furtherance of the known purpose of the report. However, there was no conduct linking Capital directly to plaintiff, nor did plaintiff rely on Capital’s report. We conclude that in these circumstances, even if it were established that Capital was grossly negligent, Capital’s gross negligence would not give rise to a cause of action in favor of the plaintiff herein. Accordingly, the order of the Civil Court granting the motion by Capital to dismiss the complaint as against it for failure to state a cause of action is affirmed.
Pesos, EJ., Weston and Steinhardt, JJ., concur.