OPINION OF THE COURT
Memorandum.
Ordered that so much of the appeal as is from the portion of the “Decision/Judgment” that denied plaintiff’s motion to amend the caption is dismissed; and it is further, ordered that so much of the appeal as is from the portion of the “Decision/ Judgment” that, sua sponte, directed nonparty T.W. Finnerty Property Management, Inc. to close any and all bank accounts it maintains on behalf of any homeowners’ association or condominium, other than plaintiff, in any bank located outside of New York State and to reopen such accounts in banks subject to New York State’s jurisdiction is dismissed as plaintiff is not aggrieved from that portion of the order (see CPLR 5511); and it is further, ordered that, on the court’s own motion, so much of the notice of appeal as is from the portion of the “Decision/ Judgment” that, sua sponte, directed the clerk of the Civil Court of the City of New York, Richmond County to vacate any and all judgments entered in favor of Port Village Homeowners’ Association, Inc. or Port Village HOA, Inc. and to simultaneously dismiss any and all of those actions, as well as any actions *42 brought by either of these entities pending before the same court; directed the County Clerk for the County of Richmond to vacate any judgments or liens docketed in favor of Port Village Homeowners’ Association, Inc. or Port Village HOA, Inc.; and directed nonparty T.W. Finnerty Property Management, Inc. to close any and all bank accounts it maintains on behalf of plaintiff, however denominated, in any bank located outside of New York State and to reopen such accounts in banks subject to New York State’s jurisdiction, is treated as an application for leave to appeal from that portion of the “Decision/Judgment,” and leave to appeal from that portion of the “Decision/ Judgment” is granted (see CCA 1702); and it is further, ordered that so much of the “Decision/Judgment,” as sua sponte, directed the clerk of the Civil Court of the City of New York, Richmond County to vacate any and all judgments entered in favor of Port Village Homeowners’ Association, Inc. or Port Village HOA, Inc. and to simultaneously dismiss any and all of those actions, as well as any actions brought by either of these entities pending before the same court; directed the County Clerk for the County of Richmond to vacate any judgments or liens docketed in favor of Port Village Homeowners’ Association, Inc. or Port Village HOA, Inc.; and directed nonparty T.W. Finnerty Property Management, Inc. to close any and all bank accounts it maintains on behalf of plaintiff, however denominated, in any bank located outside of New York State and to reopen such accounts in banks subject to New York State’s jurisdiction, is reversed, without costs, and those provisions of the “Decision/Judgment” are stricken; and it is further, ordered that the judgment is modified by amending the caption to remove “Port Village HOA, Inc.” as the plaintiff and by substituting “Port Village Association, Inc.” as the plaintiff, by vacating so much of the “Decision/Judgment” as denied plaintiffs motion so to amend the caption and by providing that plaintiffs motion so to amend the caption is granted; as so modified, the judgment is affirmed, without costs.
Plaintiff brought this commercial claims action to recover from a title company and two successor owners for common charges to a unit in a residential development which had not been paid by a prior owner. The action was brought in the name of “Port Village HOA, Inc.,” even though, pursuant to the “Declaration of Protective Covenants, Conditions, Restrictions, Easements, Charges and Liens” for the Port Village residential development (the declaration), the homeowners’ association for the Port Village development was incorporated as the “Port Vil *43 lage Association, Inc.” (the Association). The Civil Court denied plaintiffs motion, made at the outset of trial and renewed following trial, to amend the caption to reflect the correct name of the homeowners’ association, and premised its dismissal of the action, in part, on plaintiffs use of an incorrect name.
The appeal from so much of the “Decision/Judgment” as denied plaintiff’s motion to amend the caption must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the “Decision/ Judgment” are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
CPLR 2001, which authorizes courts to correct any mistake or irregularity not affecting the merits or a substantial right of a party at any stage of an action, is an essential component of our “enlightened system of civil procedure that eschews the elevation of form over substance” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2001, at 626). Here, “the right party plaintiff [wa]s in court but under a defective name” (Covino v Alside Aluminum Supply Co., 42 AD2d 77, 80 [1973]; see also Homemakers, Inc. v Williams, 100 AD2d 505 [1984]), and defendants have failed to demonstrate any prejudice arising from the misnomer and, in fact, should have been well aware from the outset of plaintiffs actual identity (see 86 NY Jur 2d, Process and Papers § 32). Nor was there any showing of an intent by plaintiff to defraud defendants, which could have justified the dismissal of the action based on plaintiffs failure to file a certificate of doing business under the name of Port Village HOA, Inc. (see Cohen v OrthoNet N.Y. IPA, Inc., 19 AD3d 261 [2005]). Consequently, we conclude that the Civil Court erred in denying plaintiffs motion to amend the caption and instead dismissing the action, in part, based on plaintiffs use of an incorrect name. Accordingly, we vacate the denial of plaintiffs motion and grant the motion, and deem the caption amended to reflect that Port Village Association, Inc. is the plaintiff herein.
It was nevertheless incumbent upon plaintiff to establish its right to recover against each of defendants by a preponderance of the evidence (Naclerio v Adjunct Faculty Assn., 1 Misc 3d 135[A], 2003 NY Slip Op 51644[U] [App Term, 9th & 10th Jud Dists 2003]). From the evidence presented at trial, it could be inferred that defendant Summit Associates (Summit), or its *44 principal, Fidelity National Title Co., was the title company for defendant Victoria Hickson when she purchased a residence at 26 Port Lane, Staten Island, New York (the unit), which was within the Port Village residential development and was subject to the declaration. However, there was no evidence of privity between plaintiff and Summit or its principal. “Absent evidence of fraud, collusion or other special circumstances, a title company hired by one party generally is not subject to suit for negligent performance by one other than the party who contracted for its services” (Lebhar v National City Bank, 25 Misc 3d 58, 60 [App Term, 2d, 11th & 13th Jud Dists 2009]). Although a demonstration of the “functional equivalent” of privity may also support liability (see Kidd v Havens, 171 AD2d 336, 339 [1991]), there was no such showing here. We therefore conclude that the Civil Court’s dismissal of plaintiff s cause of action against Summit rendered substantial justice between the parties (CCA 1807-A), and the judgment, as amended, insofar as it dismissed so much of Port Village Association, Inc.’s action as is against Summit, is affirmed.
The evidence at trial showed that the unit had previously been owned by one Emad Basha, who failed to pay common charges to plaintiff, as he was required to do under the terms of the declaration. It further appeared that, on February 5, 2009, plaintiff obtained a judgment against Basha for the principal sum of $2,501.60, that Basha’s lender foreclosed on the unit, that, on February 13, 2009, defendant Henry Ortiz closed on his purchase of the unit from US Bank National Association, as trustee, and that, on February 18, 2009, a notice of lien dated February 2, 2009 was filed with the Richmond County Clerk, ostensibly pursuant to sections of the Condominium Act (Real Property Law §§ 339-z, 339-aa), which notice of lien named the Board of Directors of the Port Village Homeowners’ Association, Inc. as lienor, described the unit by street address and block and lot number, and listed Basha as the record owner of the unit. On September 24, 2009, defendant Hickson acquired the unit from Ortiz. From the evidence presented at trial, it was clear that Ortiz and Hickson had paid plaintiff the common charges which had accrued during the times when they owned the unit, and that plaintiff was seeking in this action only to recover for common charges and late fees which had accrued during the time when Basha owned the unit, as well as attorneys’ fees plaintiff had incurred in its effort to collect those common charges, and late fees. The Civil Court apparently dismissed so *45 much of the action as is against Ortiz and Hickson on the ground that plaintiff had filed both this action and the lien against the property under invalid names.
Under section 5.01 of the declaration, unpaid assessments constitute a charge and continuing lien against the unit, and are also made “the personal obligation of the Owner of such Lot at the time the Assessment falls due.” Under section 5.08 of the declaration, delinquent assessments are continuing liens on the Lot “which shall bind such Lot in the hands of the then Lot Owner and such Lot Owner’s heirs, devisees, personal representatives, successors and assigns.” The Association is authorized to file a notice of lien providing that such liens are a continuing lien against a specified lot until paid. The declaration further states, “In addition to the lien rights, the personal obligation of the then Lot Owner to pay such Assessment shall remain such Lot Owner’s personal obligation and shall not pass to such Lot Owner’s successors in title unless expressly assumed by them.”
Ortiz and Hickson were successors in title to the unit. Since there was no evidence that either of them “expressly assumed” the obligation to pay the prior assessments against the unit, the declaration did not confer a right on plaintiff to sue Ortiz or Hickson for Basha’s unpaid common charges. Consequently, we affirm the judgment, as amended, insofar as it dismissed so much of Port Village Association, Inc.’s action as is against these defendants.
We note that as rights under a lien are enforced by means of foreclosure on the lien, which remedy is outside the limited jurisdiction of the Commercial Claims Part of the Civil Court (CCA 1801-A), the existence of a lien could not provide a basis for plaintiff to recover in this commercial claims action.
Citing section 212 of the Civil Court Act as jurisdictional authority, the Civil Court also, sua sponte, among other things, directed the clerk of the Civil Court of the City of New York, Richmond County to vacate any and all judgments entered in favor of Port Village Homeowners’ Association, Inc. or Port Village HOA, Inc. and to simultaneously dismiss any and all of those actions, as well as any actions brought by either of these entities pending before the same court; directed the County Clerk for the County of Richmond to vacate any judgments or liens docketed in favor of Port Village Homeowners’ Association, Inc. or Port Village HOA, Inc.; and directed plaintiff’s managing agent, nonparty T.W Finnerty Property Management, *46 Inc., to close any and all bank accounts it maintains for plaintiff, however denominated, in any bank located outside of New York State and to reopen such accounts in banks subject to New York State’s jurisdiction.
Section 212 of the Civil Court Act states: “In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings.” It does not, however, confer general injunctive power on the Civil Court such as would allow the relief granted here, let alone on the Commercial Claims Part of the Civil Court (see North Waterside Redevelopment Co. v Febbraro, 256 AD2d 261 [1998]; Hotel New Yorker Pharmacy v New Yorker Hotel Corp., 40 AD2d 967 [1972]; Green v Lakeside Manor Home for Adults, Inc., 30 Misc 3d 16, 18 [App Term, 2d, 11th & 13th Jud Dists 2010]). Since the injunctive relief awarded by the trial judge in this commercial claims action was not within the power granted to the Commercial Claims Part of the Civil Court (CCA 1801-A), we conclude that the Civil Court exceeded its authority by ordering such relief, and we vacate the “Decision/Judgment” to the extent that it ordered such injunctive relief. We note that a judge’s role is not to right every wrong as he sees it but rather to adjudicate the issues, over which the court has subject matter jurisdiction, as presented to him by the litigants, over whom he has personal jurisdiction.
We accordingly reverse so much of the “Decision/Judgment” of the Civil Court as directed the clerk of the Civil Court to vacate any and all judgments entered in favor of Port Village Homeowners’ Association, Inc. or Port Village HOA, Inc.; as directed the County Clerk of Richmond County to vacate any judgments or liens docketed in favor of Port Village Homeowners’ Association, Inc. or Port Village HOA, Inc. and to simultaneously dismiss any and all of those actions, as well as any actions brought by either of these entities pending before the same court; and as directed that nonparty T.W. Finnerty Property Management, Inc., close bank accounts it maintains for plaintiff, however denominated, in banks located outside the State of New York and reopen such accounts in banks which maintain branches in New York State, and vacate those portions of the “Decision/Judgment.”
Besides directing nonparty T.W Finnerty Property Management, Inc. to close bank accounts it holds for plaintiff outside the State of New York, the “Decision/Judgment” also directed T.W. Finnerty Property Management, Inc. “to close any and all *47 bank accounts maintained . . . for any other homeowners’ association or condominium in a bank not located in New York State and to reopen those accounts in banks subject to New York State’s jurisdiction.” As we do not address the rights of nonparties, we have granted leave to appeal, and reviewed, only so much of the “Decision/Judgment” as affects the rights of the parties to this action, and we do not rule on the propriety of the remainder of the “Decision/Judgment.”
Pesce, EJ., Golia and Steinhardt, JJ., concur.