■ County of Suffolk, Respondent, v MHC Greenwood Village, LLC, et al., Appellants. [937 NYS2d 89]—

The defendants own and operate a planned retirement community known as Greenwood Village Community (hereinafter Greenwood Village) in Manorville, Suffolk County. On or about April 27, 2010, the plaintiff, County of Suffolk, commenced this action to enjoin and restrain the defendants from violating certain provisions of former chapter 383 of the Suffolk County Administrative Code, now codified at chapter 656 of the Code of Suffolk County, which regulates planned retirement communities. The County alleged, among other things, that the defendants violated a provision of the chapter which required that charges for rent and utilities assessed by owners and operators of regulated retirement communities "must be reasonably related to the value of the facility available or the services actually rendered." In support of its contention, the County relied, inter alia, on its claim that the homeowners in Greenwood Village paid disparate amounts for the "Residency Charges," while they received the same level of services from the defendants. The County further alleged that the defendants violated the provision of the chapter requiring that owners and operators who have agreed to provide certain services to homeowners, such as heat and power, shall not "intentionally or willfully fail to furnish such services or otherwise interfere with a quiet enjoyment of the leased premises." The County alleged that the defendants had intentionally and willfully failed to provide services which they agreed to provide to the homeowners in Greenwood Village. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (3) and (7) to dismiss the complaint, asserting that the County lacked standing to prosecute this action, and that the complaint failed to state a cause of action. The Supreme Court denied the defendants' motion. The defendants appeal, and we affirm.

Contrary to the defendants' contention, the County has standing to prosecute this action. "[T]he constitutional home rule provision confers broad police powers upon local governments relating to the welfare of its citizens" (*Jancyn Mfg. Corp. v County of Suffolk*, 71 NY2d 91, 96 [1987]). Pursuant to Munici-

pal Home Rule Law, the legislative body of a local government has the power "[t]o provide for the enforcement of local laws by legal or equitable proceedings which are or may be provided or authorized by law" (Municipal Home Rule Law § 10 [4] [b]). Moreover, Code of Suffolk County § 656-12 (C) (former Suffolk County Administrative Code § 383-12 [C]) expressly authorizes the Suffolk County Attorney to commence an action, inter alia, to enjoin and restrain defendants from violating the relevant provisions of the Code of Suffolk County. Therefore, contrary to the defendants' contention, standing in the shoes of the individual homeowners who have contractual agreements with the defendants is not the only source of standing for the County, and the County is not bound by the arbitration clauses in those agreements. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing.

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d at 1181 [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). " 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus' " (*Sokol v Leader*, 74 AD3d at 1181, quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader*, 74 AD3d at 1181; *see* CPLR 3211 [c]). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Sokol v Leader*, 74 AD3d at 1181-1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d at 275). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (*Sokol v Leader*, 74 AD3d at 1182 [internal quotation marks omitted]; *see Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]). "Indeed, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied 'unless it

has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " (*Sokol v Leader*, 74 AD3d at 1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d at 275).

Here, the evidence submitted by the defendants did not demonstrate that any fact alleged in the complaint was undisputedly "not a fact at all" (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Sokol v Leader*, 74 AD3d at 1182). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

The defendants' remaining contentions are without merit or not properly before this Court. Mastro, A.P.J., Balkin, Dickerson and Chambers, JJ., concur.