■ BAY CREST ASSOCIATION, INC., Respondent, v LOUIS PAAR et al., Appellants. [952 NYS2d 211]—

In this action to recover unpaid annual assessments, the plaintiff obtained a judgment against the defendants entered December 16, 2008. The judgment was affirmed by this Court on a prior appeal (*see Bay Crest Assn., Inc. v Paar*, 72 AD3d 713 [2010]).

The plaintiff then moved pursuant to CPLR 2606 for payment in partial satisfaction of the judgment from funds deposited by the defendants and held by the Suffolk County Treasurer. The defendants cross-moved pursuant to CPLR 5015 (a) to vacate the judgment based on fraud, misrepresentation, or other misconduct. The defendants also separately moved, inter alia, for release to them of the funds held by the Suffolk County Treasurer, and to hold the plaintiff's counsel in civil and criminal contempt. Prior to the determination of the motions and the cross motion, the defendant Louis Paar satisfied the judgment insofar as it was entered against him.

The Supreme Court granted that branch of the plaintiff's motion which was for payment from funds belonging to the defendant Suzanne De Lisi and held in two accounts by the Suffolk County Treasurer in satisfaction of the judgment insofar as it was entered against De Lisi. The court granted that branch of the defendants' separate motion which was to release, to Paar, all of the funds belonging to him, which were held in one of the two accounts. The court denied the defendants' cross motion

and their separate motion to the extent that it sought the release to De Lisi of the funds belonging to her and held in the two accounts. The defendants appeal.

Pursuant to CPLR 5015 (a), a court may vacate an order or judgment based upon, inter alia, fraud, misrepresentation, or other misconduct of an adverse party. Here, the defendants failed to satisfy their burden of establishing that the judgment was procured through fraud or other misconduct (*see Gaw v Gaw*, 80 AD3d 557 [2011]; *Badgett v Badgett*, 2 AD3d 379 [2003]; *see also Port Vil. HOA, Inc. v Summit Assoc.*, 33 Misc 3d 39, 42 [2011]), or that any of the other statutory grounds for vacatur set forth in CPLR 5015 (a) apply (*see Alderman v Alderman*, 78 AD3d 621 [2010]). The defendants also failed to show that there was a basis to invoke the court's inherent power to vacate the judgment in the interest of substantial justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). Accordingly, the Supreme Court properly denied the defendants' cross motion pursuant to CPLR 5015 (a) to vacate the judgment.

For the same reasons, the Supreme Court properly granted that branch of the plaintiff's motion which was for payment from funds belonging to De Lisi and held in the two accounts by the Suffolk County Treasurer in satisfaction of the judgment insofar as it was entered against De Lisi. Since the Supreme Court properly directed that all of the funds belonging to Paar, which were held in one of those two accounts, were to be released to him, and the proper payment of the remainder of the funds from those two accounts left those accounts empty, the defendants' appeal from so much of the order as denied that branch of their motion which was to release those funds to De Lisi has been rendered academic.

The Supreme Court also properly denied, without a hearing, the defendants' motion to hold the plaintiff's counsel in civil and criminal contempt (*see* Judiciary Law §§ 750 [A]; 753 [A] [1]; *Jaffe v Jaffe*, 44 AD3d 825 [2007]).

The defendants' remaining contentions are without merit. Rivera, J.P., Florio, Chambers and Cohen, JJ., concur.