■ CHAIM LISSAUER, Respondent, v GUIDEONE SPECIALTY MUTUAL INSURANCE, Appellant. [971 NYS2d 448]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment in favor of the plaintiff and against the defendant's purported insured, the defendant appeals from an order of the Supreme Court, Kings County (Rivera, J.), dated October 12, 2011, which denied its motion pursuant to CPLR 5015 (a) (3) to vacate a default judgment dated January 22, 2010, pursuant to CPLR 5240 to restrain the plaintiff from enforcing the judgment, and pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

CPLR 5015 (a) (3) provides, "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . fraud, misrepresentation, or other misconduct of an adverse party." In addition, the court has an inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 884, 885 [2011]). Here, the defendant failed to establish that the default judgment was procured through fraud or other misconduct, or that there was a basis to invoke the court's inherent power to vacate the default judgment in the interest of substantial justice (*see Bay Crest Assn., Inc. v Paar*, 99 AD3d 744, 746 [2012]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (3) to vacate the default judgment.

Further, affording the complaint a liberal construction, accepting all facts as alleged in the complaint to be true, and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Martin v Restaurant Assoc. Events Corp.*, 106 AD3d 785, 786 [2013]), the

complaint sufficiently stated a cause of action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment in favor of the plaintiff and against the defendant's purported insured. Additionally, "the evidence submitted by the defendant[ ] did not demonstrate that any fact alleged in the complaint was undisputedly not a fact at all" (*County of Suffolk v MHC Greenwood Vil., LLC*, 91 AD3d 587, 590 [2012] [internal quotation marks omitted]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Sokol v Leader*, 74 AD3d 1180, 1182 [2010]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

The defendant's remaining contention is without merit. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur. **[Prior Case History: 33 Misc 3d 1207(A), 2011 NY Slip Op 51804(U).]**