■ In the Matter of GEMIYAH T. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NATASHA S., Appellant. (Proceeding No. 1.) In the Matter of TESSAYA F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NATASHA S., Appellant. (Proceeding No. 2.) In the Matter of ASANTE F. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NATASHA S., Appellant. (Proceeding No. 3.) [974 NYS2d 514]—

In three related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Gruebel, J.), dated January 29, 2013, as denied her motion to vacate an order of the same court dated June 29, 2012, denying her application for the return of the subject children pursuant to Family Court Act § 1028, and denied those branches of her separate motion which were to dismiss the petitions relating to Gemiyah T. and Tessaya F. pursuant to CPLR 3211 (a).

Ordered that the order dated January 29, 2013, is modified, on the law, by deleting the provision thereof denying the motion

to vacate the order dated June 29, 2012, and substituting therefor a provision granting that motion; as so modified, the order dated January 29, 2013, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

The subject children were 16, 12, and 10 years old, respectively, on June 13, 2012, when the Administration for Children's Services (hereinafter ACS) filed three petitions (one as to each child) pursuant to Family Court Act article 10, alleging that each of the children was neglected. Each of the petitions alleged that the mother had a mental illness which impaired her ability to care for the children and used excessive corporal punishment with respect to the oldest child, Asante F., within the view or hearing distance of the two younger children. The petitions alleged that the mother hit Asante in the face on May 24, 2012, while driving in the car with the children and, on arriving home, struck her about the eye and hit her with a belt in a bedroom upstairs within hearing distance of the two younger children, who remained downstairs. The petitions also alleged that the mother tried to conceal the child's injuries by keeping Asante home from school until the bruises faded and applying makeup to the bruise around her eye before taking her to the orthodontist.

On ACS's initial investigation at the mother's home on June 1, 2012, the mother was arrested and released, and directed to stay away from Asante pursuant to a temporary order of protection. The mother moved to a nearby apartment with the two younger children, and her parents traveled from Maryland to live with Asante at the mother's home pending a hearing to determine the mother's request for the return of the children (see Family Ct Act § 1028). Although the two younger children told an ACS caseworker that they wanted to remain with the mother, and neither of them showed any marks or bruises, ACS removed the younger children from the apartment where they were living with the mother and placed them eight days later, along with Asante, in a nonkinship foster home.

During the hearing on the mother's application for the return of the children pursuant to Family Court Act § 1028, the mother submitted to a drug test, which indicated that she had used opiates, and testimony was elicited from the ACS caseworker who submitted the allegations in the petitions, another case worker who interviewed Asante, and the mother. By order dated June 29, 2012, the court denied the application based on a finding that the children would be in imminent risk of harm if released

to the mother's care and that no services were available to ameliorate such harm, and based on the mother's systematic attempt to conceal the injuries to Asante, which included telling one of the younger children to lie about the mother hitting Asante, and the mother's indication that she would not cooperate with supervision as a condition of the children's return.

In January 2013, the mother moved, pro se, to vacate the order dated June 29, 2012, based, inter alia, on newly discovered evidence, and separately moved, inter alia, to dismiss the petitions relating to the children Gemiyah T. and Tessaya F. By order dated January 29, 2013, the Family Court denied the motions.

The Family Court should have granted the mother's motion to vacate the order dated June 29, 2012. The mother is entitled to present the allegedly newly discovered evidence which supports her contention that the court erred in finding that her testimony about her drug use was incredible (*see* CPLR 5015 [a] [2]). The allegedly newly discovered evidence consists of a note dated July 6, 2012, which confirms the mother's testimony that she had hand surgery during the hearing and took legally prescribed Tylenol with codeine for pain, which resulted in the positive results for opiates when she was screened during the hearing. The mother correctly notes that, as the petitions were devoid of any allegation that she abused alcohol or drugs in connection with the alleged neglect of the children, there was no reason for the mother to present such evidence in the first instance. Accordingly, the order dated June 29, 2012, must be vacated and the mother must be given an opportunity to present the evidence at a new hearing pursuant to Family Court Act § 1028, if still necessary (*see id.*; *cf. Bay Crest Assn., Inc. v Paar*, 99 AD3d 744, 746 [2012]).

The mother's remaining contentions are without merit. Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.