OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs; and it is further, ordered that, on the court’s own motion, the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff dismissing the counterclaim without prejudice. In this commercial claims action to recover for unpaid services, defendant interposed a counterclaim alleging that plaintiff had filed a wilfully exaggerated mechanic’s lien in connection with the services at issue. Defendant subsequently moved to transfer the action from the Commercial Claims Part of the District Court to the regular part of the District Court (see UDCA 1805-A [b]), arguing that the Commercial Claims Part did not have subject matter jurisdiction over his counterclaim. The District Court denied defendant’s motion, and defendant appeals.
Defendant’s counterclaim seeks damages and attorney’s fees based upon his contention that plaintiff had filed a wilfully exaggerated mechanic’s lien. Such damages are available only in an action to enforce the lien (see Lien Law § 39-a; 76A NY Jur 2d, Mechanics’ Liens § 83; see also Wellbilt Equip. Corp. v Fireman, 275 AD2d 162 [2000]; Reeve Serv. Corp. v Raab, 64 AD2d 826 [1978]; Tufano v United Rentals [N. Am.], Inc., 21 *80 Misc 3d 138[A], 2008 NY Slip Op 52303[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Finger v Roth Bros. Regal Rest. Supply Corp., 2 Misc 2d 944, 945 [Sup Ct, Nassau County 1956]). Defendant also seeks to have the court declare plaintiff’s lien void, based on wilful exaggeration (see Lien Law §39).
A commercial claim is one “for money only” (UDCA 1801-A [a]), whereas “rights under a lien are enforced by means of foreclosure on the lien, which remedy is outside the limited jurisdiction of the Commercial Claims Part” of the District Court (Port Vil. HO A, Inc. v Summit Assoc., 33 Misc 3d 39, 45 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Thus, as defendant himself argues, the Commercial Claims Part of the District Court does not have subject matter jurisdiction over his counterclaim. The fact that defendant improperly interposed his counterclaim in the Commercial Claims Part of the District Court is not a basis to transfer plaintiff’s action from the Commercial Claims Part to the regular part of the District Court. Instead, defendant should have brought his cause of action “in [a] court of competent jurisdiction” (UDCA 1805-A [c]). Under the circumstances, the counterclaim must be dismissed. Furthermore, as defendant established no other basis to transfer the action, we find that the District Court did not improvidently exercise its discretion in denying defendant’s motion.
Accordingly, the order is affirmed and, on the court’s own motion, the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff dismissing the counterclaim without prejudice.
Iannacci, J.P., Maraño and Garguilo, JJ., concur.