Matter of JDM Holdings, LLC v Village of Warwick (2021 NY Slip Op 07000)





Matter of JDM Holdings, LLC v Village of Warwick


2021 NY Slip Op 07000


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-05287
 (Index No. 1282/16)

[*1]In the Matter of JDM Holdings, LLC, appellant,
v
Village of Warwick, respondent, et al., nominal defendant-respondent.


Ostrer & Associates, P.C., Chester, NY (Benjamin Ostrer and Hasapidis Law Offices [Annette Hasapidis], of counsel), for appellant.
Drake Loeb PLLC, New Windsor, NY (Stephen J. Gaba of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the plaintiff/petitioner appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated May 5, 2020. The order denied the plaintiff/petitioner's motion to vacate (1) so much of an order and judgment (one paper) of the same court dated November 3, 2017, as granted those branches of the motion of the Village of Warwick which were for summary judgment with respect to the second, third, fourth, sixth, seventh, and eighth causes of action of the complaint/petition, and (2) so much of an order of the same court dated September 4, 2018, as, upon renewal, adhered to that determination in the order and judgment dated November 3, 2017.
ORDERED that the order dated May 5, 2020, is affirmed, with costs.
In an order dated May 5, 2020, the Supreme Court denied the plaintiff/petitioner's motion to vacate so much of an order and judgment of the same court dated November 3, 2017, as granted those branches of the motion of the Village of Warwick which were for summary judgment with respect to the second, third, fourth, sixth, seventh, and eighth causes of action of the complaint/petition, and so much of an order of the same court dated September 4, 2018, as, upon renewal, adhered to that determination in the order and judgment dated November 3, 2017. The plaintiff/petitioner appeals.
Pursuant to CPLR 5015(a)(3), a court may vacate an order or judgment based upon, inter alia, fraud, misrepresentation, or other misconduct of an adverse party. Here, the plaintiff/petitioner failed to satisfy its burden of establishing that the subject portions of the order and judgment dated November 3, 2017, and the order dated September 4, 2018, were procured through fraud or other misconduct (see Bay Crest Assn., Inc. v Paar, 99 AD3d 744, 746). The plaintiff/petitioner also failed to show that there was a basis to invoke the court's inherent power to vacate the subject portions of the order and judgment and the order in the interest of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). Accordingly, the Supreme Court properly denied the plaintiff/petitioner's motion to vacate the subject portions of the order and judgment and the order.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court