Matter of Rosenblatt (Sherman) (2024 NY Slip Op 50258(U))

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

[*1]

Matter of Rosenblatt (Sherman)

2024 NY Slip Op 50258(U)

Decided on March 8, 2024

Surrogate's Court, Queens County

Kelly, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.



Decided on March 8, 2024
Surrogate's Court, Queens County

In the Matter of the Application of Lois M. Rosenblatt, Public Administrator of Queens County as Administrator of the Estate of Jack Sherman, a/k/a JACK SCHERMAN, Deceased, to Determine the Validity of a Lien.

File No. 2018-1992/D

For Petitioner: Gerard J. Sweeney, Esq.For Respondents: Steven Balken, Esq.
Peter J. Kelly, S.

Petitioner, the Public Administrator of Queens County ("the Public Administrator") has moved for summary judgment against the respondents Connecticut Health Care Holdings, LLC ("CHCH") and Harry Dorvillier requesting several forms of relief. Respondents have cross-moved for summary judgment seeking dismissal of the petition.
The underlying facts are as follows. Decedent Jack Sherman died intestate in December 2017, and his brother Michael Sherman died intestate in March 2018. Each of them owned a fifty-percent (50%) undivided interest in the real property located in 75-73 Utopia Parkway, Queens County, New York ("the property"). The Public Administrator was granted letters of administration for both estates on May 10, 2018.
On June 13, 2018, the Public Administrator conducted a public auction of the property. Respondents were the successful bidders at the auction, authorizing a real estate broker, acting as their agent, to bid and tender a deposit in the amount of $50,000.00.
On or about July 25, 2018, CHCH, by Dorvillier as personal representative, and the Public Administrator entered into a contract of sale, having a "time of the essence" closing date of August 11, 2018. Upon default, a second closing was set, as a courtesy, for September 25, 2018. Purchasers again defaulted; the Public Administrator retained the deposit; and resulting litigation ensued.
Specific to this proceeding, the Public Administrator alleges that CHCH and Dorvillier filed a mechanic's lien on or about January 14, 2020 prior to the second scheduled sale of the property, which falsely alleged that the decedents owed a $50,000.00 unpaid debt to CHCH and Dorvillier for labor performed and materials furnished. Due to the existence of the lien, the Public Administrator was required to obtain a bond prior to closing on the property in February 2020.
On December 29, 2021, this court issued decrees granting judicial settlement of [*2]accounting proceedings in both estates. No findings were made regarding the mechanic's lien, but the court granted an unopposed request for the Public Administrator to retain the sum of $50,000.00 for the contingent and possible claim of Harry Dorvillier, pursuant to SCPA § 1804.
On January 20, 2022, the Public Administrator commenced this proceeding to determine the validity of the mechanic's lien. On June 14, 2022, this court issued a decision and order, pursuant to the parties' stipulation dated June 9, 2022, cancelling and discharging the lien without prejudice to any claims or defenses of any party in the underlying proceedings.
The Public Administrator argues for summary judgment and an order pursuant to CPLR § 5001 [a] and New York Lien Law § 39-a, requiring CHCH and Dorvillier to pay prejudgment interest at nine-percent (9%), computed from the day the sum of $50,000.00 was deposited with the bonding company to the date of return of said sum, along with legal fees, costs and disbursements of the estate for the proceeding to vacate the mechanic's lien.
In support, petitioner provides what is asserted to be a copy of a mechanic's lien, in which (from a portion that is intelligible) a notary public identifies Harry Dorvillier as deponent (Exhibit C on petitioner's affirmation in support).
Petitioner asserts that, due to respondents' actions, a bond had to be posted in order to sell the property to a third party. While different amounts are quoted within the petitioner's papers, Exhibit G in petitioner's affirmation in support shows that the bond posted amounted to $55,000.00, along with a premium of $1,650.00.
Respondents, in opposition, assert that neither Dorvillier nor CHCH ever: filed or authorized the filing of the summons and notice and/or notice of pendency in Supreme Court, Queens County under index number 8964/2018; signed or filed, or authorized anyone to sign or file a mechanic's lien against the property; instructed William J. Fallon, Esq., the firm of Morgan Battehsazan & Associates, P.C., or any attorney, person or entity to demand the return of the down payment as a requirement to remove a mechanic's lien (Affidavit of Harry Dorvillier).
They further argue that a foreclosure action on the lien was never commenced, that the lien terminated automatically by operation of law, and that the parties stipulated to cancel and discharge the lien prior to a trial.
Summary judgment will only be granted when it clearly appears that no material issues of fact exist (see Phillips v Joseph Kantor & Co., 31 NY2d 307 [1972]; Glick & Dolleck, Inc. v TriPac Export Corp., 22 NY2d 439 [1968]). The movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issue of fact (see Alvarez v Propect Hosp., 68 NY2d 320 [1986]; Friends of Animals, Inc. v Associated Fur Mfrs. Inc., 46 NY2d 1065 [1979]).
When the movant makes out a prima facie case, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient (see Zuckerman v City of New York, 49 NY2d 557 [1980]; Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27 [1st Dept 1979]; Gesuale v Campanelli & Assoc. P.C., 126 AD3d 936 [2d Dept 2015]). Summary judgment is a drastic remedy which requires that the party opposing the motion be accorded every favorable inference, and issues of credibility may not be determined on the motion but must await the trial (Glick & Dolleck, Inc. v TriPac Export Corp., at 441).
In support of the motion, the Public Administrator submits attorney affirmations; an affidavit by the Public Administrator; a copy of the pleadings and papers filed in a companion case transferred here but originally filed in Queens County Supreme Court; emails and other written communication between the parties; Surrogate's Court pleadings and papers; a copy of a mechanic's lien; and the bond and premium payment confirmation for the mechanic's lien.
In support of the cross-motion, CHCH and Dorvillier submit an attorney affirmation and memorandum of law; an affidavit by Mr. Harry Dorvillier; a copy of the pleadings and other papers filed in Queens County Supreme Court; and a copy of a mechanic's lien.
Based on the evidence provided, it appears that the mechanic's lien, filed on January 14, 2020 expired by operation of law on or around January 14, 2021 and was not renewed. The within proceeding was not commenced until January 26, 2022.
New York Lien Law § 39 states:
"In any action or proceeding to enforce a mechanic's lien upon a private or public improvement or in which the validity of the lien is an issue, if the court shall find that a lienor has wilfully exaggerated the amount for which he claims a lien as stated in his notice of lien, his lien shall be declared to be void and no recovery shall be had thereon."New York Lien Law § 39-a follows:
"Where in any action or proceeding to enforce a mechanic's lien upon a private or public improvement the court shall have declared said lien to be void on account of wilful exaggeration the person filing such notice of lien shall be liable in damages to the owner or contractor. The damages which said owner or contractor shall be entitled to recover, shall include the amount of any premium for a bond given to obtain the discharge of the lien or the interest on any money deposited for the purpose of discharging the lien, reasonable attorney's fees for services in securing the discharge of the lien, and an amount equal to the difference by which the amount claimed to be due or to become due as stated in the notice of lien exceeded the amount actually due or to become due thereon."The Court of Appeals in Goodman v Del-Sa-Co Foods, Inc., 15 NY2d 191 [1965] held that both New York Lien Law §§ 39 and 39-a must be read and interpreted together. As a result, relief pursuant to section 39-a of the Lien Law is available only when the lienor seeks to enforce his lien, and it is improper for a court to grant relief pursuant to § 39-a in the absence of a proceeding to enforce the lien (Tully Constr. Co. v United Minerals, 221 AD2d 697 [3d Dept 1995]).
The Second Department in Guzman v Estate of Fluker, 226 AD2d 676 [2d Dept 1996] has also ruled that, in an action where a lienee succeeds in obtaining a discharge of a lien prior to trial, any pending foreclosure action is terminated and thereafter the court is without authority to declare the lien void on account of willful exaggeration. In Guzman the lien was discharged after the lienor failed to comply with a demand for an itemized statement.
In the present proceeding, while the contents of the mechanic's lien instrument are physically difficult to discern, the court can conclude based on the dates of the documents provided, as a matter of law, the respondents' cross-motion to dismiss the petitioner's claim pursuant to New York Lien Law §§ 39 & 39-a must be granted and the petition dismissed.
Petitioner argues that the respondents' assertion of a possible claim against the estate in [*3]the accounting proceeding is the legal equivalent to the commencement of an action to enforce the lien. However, the assertion of a possible claim against an estate in an accounting proceeding, while preserving a respondent's right to pursue a claim against the estate, cannot and does not constitute the commencement of a legal action to enforce the lien in Surrogate's Court (see SCPA §§ 302, 1809; CPLR § 403).
More significant, it is undisputed that any lien on the property expired by operation of law on January 14, 2021. This proceeding was not commenced until 2022. The discharge of the lien leaves this court without authority to declare the lien void on account of willful exaggeration, an element necessary to claims under New York Lien Law §§39 & 39-a (Guzman v Estate of Fluker; Matter of Matrix Staten Is. Dev., LLC v BKS-NY, LLC, 204 AD3d 1004 [2d Dept 2022], holding that there is no remedy under New York Lien Law § 39-a without the court finding a valid lien to be declared void on account of willful exaggeration after trial).
In light of the above, petitioner's claim for interest under CLPR § 5001 [a], is also denied (Rubin v Rubin, 1 AD3d 220, 221 [1st Dept 2003]).
For these reasons, the court denies the petitioner's summary judgment motion, and grants the respondents' cross-motion for summary judgment dismissing the petition in its entirety.
The Court treads lightly in reaching this determination. It must be noted that, as evinced by the full court record, the respondents' actions have been disingenuous. Not only is the court presented with an egregious filing of a false document in the lien, but also the respondents' callous denial of any involvement in these matters as sworn to under oath within court pleadings which may rise to the level of perjury. While redress pursuant to the Lien Law may not be a remedy for petitioner, the court cannot sit idly by and countenance the actions taken by respondents. There is no reasonable doubt that the timely administration of the estate as well as the distribution of assets to the heirs at law was impeded by respondents' breach of contract and resultant false filings.
Accordingly, petitioner's motion for summary judgment is denied and respondents' cross-motion for summary judgment is granted. However, prior to the entry of a decree herein, all parties are directed to appear for a hearing pursuant to Section 130-1.1 of the Rules of the Chief Administrator of the Courts (22 NYCRR §130-1.1) to determine if sanctions should be imposed against respondents for their actions as described above on April 2, 2024 at 9:30 a.m.
This is the decision and order of the court.
Dated: March 8, 2024