Cannavo v NYC Dept. of Hous. Preserv. & Dev. (2024 NY Slip Op 50800(U))

[*1]

Cannavo v NYC Dept. of Hous. Preserv. & Dev.

2024 NY Slip Op 50800(U)

Decided on June 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2021-49 RI C

John J. Cannavo, Respondent,
against
NYC Department of Housing Preservation and Development 
 and NYC Employees Retirement System, Appellants, NYC Housing Authority, Defendant. 

Corporation Counsel of the City of New York (Julie Steiner of counsel), for appellants.
John J. Cannavo, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered September 13, 2017. The order, insofar as appealed from and as limited by the brief, upon granting defendants' respective motions to dismiss the action without prejudice, sua sponte directed defendant NYC Employees Retirement System to hold an administrative hearing to determine the amount of any deficit in plaintiff's retirement fund; to provide an explanation, prior to the hearing, of how it calculated the deficit; to enter into a payment plan with plaintiff to recoup the deficit; and to revise its standard form letter advising retirement system members of deficits or irregularities in their accounts.

ORDERED that the appeal by defendant NYC Department of Housing Preservation and Development is dismissed; and it is further,
ORDERED that, on the court's own motion, so much of the notice of appeal as is by NYC Employees Retirement System is deemed an application for leave to appeal from so much of the order as, sua sponte, directed it to hold an administrative hearing to determine the amount of any deficit in plaintiff's retirement fund; to provide an explanation, prior to the hearing, of how it calculated the deficit; to enter into a payment plan with plaintiff to recoup the deficit; and to revise its standard form letter advising retirement system members of deficits or irregularities in their accounts, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order, insofar as appealed from, is reversed, without costs, and the provisions of the order directing defendant NYC Employees Retirement System to hold an administrative hearing to determine the amount of any deficit in plaintiff's retirement fund; to provide an explanation, prior to the hearing, of how it calculated the deficit; to enter into a payment plan with plaintiff to recoup the deficit; and to revise its standard form letter advising retirement system members of deficits or irregularities in their accounts, are stricken.
Plaintiff commenced this small claims action against defendants NYC Department of Housing Preservation and Development (HPD), NYC Employees Retirement System (NYCERS), and NYC Housing Authority (NYCHA) to recover the principal sum of $5,000 for [*2]breach of contract. Defendants HPD and NYCERS jointly moved to dismiss the action for lack of subject matter jurisdiction (see CPLR 3211 [a] [2]), and defendant NYCHA separately moved to dismiss the action for failure to state a cause of action (see CPLR 3211 [a] [7]) and for failure to file a proper notice of claim prior to commencing the action. After oral argument, the Civil Court (Philip S. Straniere, J.), in an order entered September 13, 2017, granted defendants' respective motions to the extent of dismissing the action without prejudice. The order also, sua sponte, directed defendant NYCERS to hold an administrative hearing to determine the amount of any deficit in plaintiff's retirement fund; to provide an explanation, prior to the hearing, of how it calculated the deficit; to enter into a payment plan with plaintiff to recoup the deficit; and to revise its standard form letter advising retirement system members of deficits or irregularities in their accounts. Defendants HPD and NYCERS appeal from so much of the order as directed NYCERS to take the foregoing actions.
The appeal by defendant HPD is dismissed, as it is not aggrieved by the portion of the order directing defendant NYCERS to take the aforementioned actions (see CPLR 5511).
While no appeal as of right lies from the sua sponte portion of the September 13, 2017 order directing NYCERS to take the aforementioned actions (see CCA 1702 [a] [2]; Sholes v Meagher, 100 NY2d 333 [2003]), we deem the notice of appeal to be an application for leave to appeal from that portion of the order and grant defendant NYCERS's application (see CCA 1702 [c]). 
It is well settled that the Small Claims Part of the Civil Court does not have subject matter jurisdiction to award injunctive relief (see CCA 1801; Mitchell v TD Ameritrade, 71 Misc 3d 134[A], 2021 NY Slip Op 50360[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Solages v National Grid, 66 Misc 3d 1, 4 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Port Vil. HOA, Inc. v Summit Assoc., 33 Misc 3d 39, 46 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, the Civil Court exceeded its authority in directing defendant NYCERS to hold an administrative hearing to determine the amount of any deficit in plaintiff's retirement fund; to provide an explanation, prior to the hearing, of how it calculated the deficit; to enter into a payment plan with plaintiff to recoup the deficit; and to revise its standard form letter advising retirement system members of deficits or irregularities in their accounts. In view of the foregoing, the order, insofar as appealed from, must be reversed, and the provisions awarding injunctive relief vacated.
Accordingly, the order, insofar as appealed from, is reversed, and the provisions of the order directing defendant NYCERS to hold an administrative hearing to determine the amount of any deficit in plaintiff's retirement fund; to provide an explanation, prior to the hearing, of how it calculated the deficit; to enter into a payment plan with plaintiff to recoup the deficit; and to revise its standard form letter advising retirement system members of deficits or irregularities in their accounts, are stricken.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 14, 2024