■ PEARSAL PROPERTIES CORP., Appellant, v ARZINA REALTY CORP. et al., Defendants, and AL PORAT et al., Respondents.— In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), dated May 12, 1987, as granted summary judgment in favor of the defendants Al Porat, David C. Reback and Joel A. Reback, and dismissed the action as to them.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof which, upon converting that branch of the defendants' motion which was to dismiss the complaint for failure to state a cause of action into a motion for summary judgment, granted summary judgment in favor of the defendants Al Porat, David C. Reback and Joel A. Reback, and substituting therefor a provision granting that branch of the motion which was for an order dismissing the complaint as against the defendants Al Porat and Joel A. Reback pursuant to CPLR 3211 (a) (8); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendants Al Porat, David C. Reback, Joel A. Reback and Arzina Realty Corp. made a preanswer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). The defendants Al Porat and Joel A. Reback also moved to dismiss the complaint pursuant to CPLR 3211 (a) (8). The motion should have been granted to the extent of dismissing the complaint pursuant to CPLR 3211 (a) (8) as against the defendants Porat

and Joel A. Reback. It was conceded that they had not yet been served with process at the time that the motion was made. Consequently, it is clear that the Supreme Court lacked jurisdiction over them.

We also find that the Supreme Court improvidently exercised its discretion in converting the defendants' preanswer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) into a motion for summary judgment without first notifying the parties of its intent to do so (see, CPLR 3211 [c]). Neither party explicitly requested that the motion be treated as one for summary judgment (cf., Reed v Shoratlantic Dev. Co., 121 AD2d 525). Nor can it be said, in this case, that "both sides [made] it unequivocally clear that they [were] laying bare their proof and deliberately charting a summary judgment course" (Four Seasons Hotels v Vinnik, 127 AD2d 310, 320). We therefore cannot say with certainty that the plaintiff, which may well not have realized that the pending motion could result in summary judgment against it, was not prejudiced by the Supreme Court's failure to provide notice pursuant to CPLR 3211 (c) (cf., Mihlovan v Grozavu, 131 AD2d 550, 551, lv granted 70 NY2d 609). It is only when it is absolutely clear that no prejudice has resulted to the opponent that a motion made pursuant to CPLR 3211 (a) (7) may be converted into a motion for summary judgment without notice (see, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs., 63 NY2d 100, 103; Rich v Lefkovits, 56 NY2d 276, 283).

Finally, we find that the complaint states a cause of action as to the defendant David C. Reback, and accordingly deny his motion to dismiss the complaint as against him pursuant to CPLR 3211 (a) (7). Bracken, J. P., Weinstein, Rubin and Kooper, JJ., concur.