■ ILENE L. TEITLER, Appellant, v DAVID TEITLER, Respondent. [668 NYS2d 932] —In an action, *inter alia,* to declare a reimbursement provision in the parties' separation agreement void and unenforceable as against public policy, and to recover damages for breach of contract, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated December 12, 1996, as granted the defendant summary judgment (1) with respect to the second cause of action insofar as the court declared the reimbursement provision to be valid and enforceable as interpreted, and (2) with respect to the third cause of action which sought to recover damages for breach of contract.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the defendant husband summary judgment on the third cause of action and substituting therefor a provision denying summary judgment on that cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, the respondent's notice of motion which sought, among other things, summary judgment pursuant to CPLR 3212, as well as his corresponding affidavit in support of the motion, were sufficient to apprise her that he was seeking to dismiss the entire complaint rather

than just the first cause of action (*cf., Pearsal Props. Corp. v Arzina Realty Corp.,* 139 AD2d 638; *Conroy v Swartout,* 135 AD2d 945). Therefore, the Supreme Court was not required to provide notice to the appellant that it would address each cause of action in order (*cf., Rich v Lefkovits,* 56 NY2d 276).

Nonetheless, the respondent did not establish that he was entitled to judgment as a matter of law on the third cause of action (*see, Zuckerman v City of New York,* 49 NY2d 557). To the contrary, the court had before it sufficient evidence to raise an issue of fact with respect to whether or not the appellant was entitled to recover alleged arrears under the separation agreement.

The appellant's remaining contentions are without merit. Thompson, J. P., Sullivan, Florio and McGinity, JJ., concur.