[874 NE2d 720, 842 NYS2d 756]

PATRICIA NONNON, Individually and as Executrix of KERRI NONNON, Deceased, et al., Respondents, v CITY OF NEW YORK, Appellant. (And Other Actions.)

Argued June 5, 2007; decided June 27, 2007

## APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Elizabeth S. Natrella, Leonard Koerner* and *Christopher G. King* of counsel), for appellant.

*Mauro Goldberg & Lilling LLP,* Great Neck (*Barbara De-Crow Goldberg, Kenneth Mauro* and *Richard J. Montes* of counsel), for respondents.

*Herzfeld & Rubin, P.C.,* New York City (*Michael Hoenig* and *Miriam Skolnik* of counsel), and *Hugh F. Young, Jr.,* Reston, Virginia, for Product Liability Advisory Council, Inc., amicus curiae.

*Atlantic Legal Foundation,* New York City (*Martin S. Kaufman* of counsel), for Marcia Angell and others, amici curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

This litigation concerns the 81-acre Pelham Bay Landfill, owned and operated by the City of New York, and officially closed in 1978 after allegations of illegal dumping of pollutants. In 1982, the City determined that the landfill's surface water and groundwater contained contaminants that exceeded state standards, and in 1983 the facility was listed as an inactive hazardous waste disposal site. Plaintiffs are children and adults (and their families or executors) who live or lived within one mile of the landfill and developed acute lymphoid leukemia or Hodgkin's disease. Between 1991 and 1993, they brought nine lawsuits (since consolidated) alleging that the City's negligence in creating and maintaining the landfill resulted in elevated levels of toxic substances that caused their injuries or deaths.

On September 29, 2000, the City moved both pursuant to CPLR 3211 and 3212 to dismiss several claims as barred by the statute of limitations, and pursuant to CPLR 3211 (a) (7) to dismiss the complaints as failing to state a cause of action. The City asserted that its 3211 (a) (7) motion was based on plaintiffs' "inability to assert a causal connection between defendant's conduct and the many injuries from which they purportedly suffer."

Both the City and plaintiffs submitted expert affidavits addressed to causation. The trial court denied the City's CPLR 3211 (a) (7) motion and the Appellate Division, with two justices dissenting, modified.* We now affirm solely on procedural grounds.

On a CPLR 3211 motion to dismiss, the court will "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). While affidavits may be considered, if the motion has not been converted to a CPLR 3212 motion for summary judgment, they are generally intended to remedy pleading defects and not to offer evidentiary support for properly pleaded claims (*see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]). By contrast, a motion for summary judgment, which seeks a determination that there are no material issues of fact for trial, assumes a complete evidentiary record.

As the City's motion was never converted to one for summary judgment, plaintiffs were not put on notice of their obligation to make a complete record and to come forward with any evidence that could possibly be considered (*see* CPLR 3211 [c]; *Mihlovan v Grozavu*, 72 NY2d 506 [1988]; *see also* Siegel, NY Prac § 270 [4th ed 2007] [the "notice requirement . . . offers the parties an opportunity to submit everything they've got"]). Here, plaintiffs suggest that due to the equivocal procedural posture of this case, they have not had the opportunity to submit all of their evidence relevant to a determination of causation (*see Parker v Mobil Oil Corp.*, 7 NY3d 434, 448 [2006]). Accordingly, the City is not now entitled to dismissal of plaintiffs' complaints for failure to state a cause of action.

Chief Judge Kaye and Judges Ciparick, Graffeo, Read, Smith, Pigott and Jones concur in memorandum.

Order affirmed, etc.

---

* The majority modified Supreme Court's order by granting the City's motion to dismiss Christopher Angelilli's claim on statute of limitations grounds, with leave to replead (*see* CPLR 214-c [4]).