Howard Sokol, Respondent, v Micki Leader, Appellant. [904 NYS2d 153]—

In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated December 21, 2009, which denied that branch of her motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) and, in effect, denied those branches of her motion which were, in the alternative, in effect, to strike certain language from the complaint pursuant to CPLR 3016 (a) or for summary judgment dismissing the complaint pursuant to CPLR 3211 (c) and 3212.

Ordered that the order is affirmed, with costs.

When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause

of action, not whether the proponent of the pleading has a cause of action (see *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Foley v D'Agostino*, 21 AD2d 60, 64-65 [1964]). In considering such a motion, the court must " 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

Here, the complaint adequately pleaded a cause of action sounding in defamation (see *Kotowski v Hadley*, 38 AD3d 499 [2007]; *Scott v Cooper*, 215 AD2d 368 [1995]), and in her pre-answer motion to dismiss the complaint, the defendant did not actually contend otherwise. Rather, the defendant asserted that she had two defenses: the absolute privilege for "fair and true" reports of judicial proceedings (Civil Rights Law § 74; see *Holy Spirit Assn. for Unification of World Christianity v New York Times Co.*, 49 NY2d 63 [1979]), and the qualified common-law privilege for statements made by one person to another on a subject in which both persons share a common interest (see *Liberman v Gelstein*, 80 NY2d 429, 436-439 [1992]). Contrary to the defendant's contention, on a motion made pursuant to CPLR 3211 (a) (7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party. "CPLR 3211 allows [a] plaintiff to submit affidavits, but it does not oblige him [or her] to do so on penalty of dismissal" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). Unless the motion is converted into one for summary judgment pursuant to CPLR 3211 (c), "affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint," and such affidavits "are not to be examined for the purpose of determining whether there is evidentiary support for the pleading" (*Rovello v Orofino Realty Co.*, 40 NY2d at 636, 638; see *Nonnon v City of New York*, 9 NY3d at 827). Thus, a plaintiff "will not be penalized because he has not made an evidentiary showing in support of his complaint" (*Rovello v Orofino Realty Co.*, 40 NY2d at 635).

A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]). If the court considers evidentiary material, the criterion then becomes "whether the proponent of the pleading has a cause of action,

not whether he has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d at 275). Yet, affidavits submitted by a defendant "will almost never warrant dismissal under CPLR 3211 unless they 'establish conclusively that [the plaintiff] has no cause of action' " (*Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008], quoting *Rovello v Orofino Realty Co.*, 40 NY2d at 636 [emphasis and alterations of original quotation omitted]). Indeed, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied "unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d at 275).

In this case, the defendant submitted no evidence demonstrating that any fact alleged in the indictment was, undisputedly, "not a fact at all." Moreover, even assuming, for present purposes, that the common interest privilege was applicable to the statement in question, and that the defendant did not disseminate the statement in a manner that exceeded the scope of the privilege (*see Skarren v Household Fin. Corp.*, 296 AD2d 488, 489-490 [2002]) or constituted "excessive publication" (*Stukuls v State of New York*, 42 NY2d 272, 281 [1977]), the privilege can be overcome by a showing of malice (*see Liberman v Gelstein*, 80 NY2d at 437), which means, inter alia, " 'knowledge that [the statement] was false or . . . reckless disregard of whether it was false or not' " (*id.* at 438, quoting *New York Times Co. v Sullivan*, 376 US 254, 279-280 [1964]). Since, as stated above, the burden does not shift to the nonmoving party on a motion made pursuant to CPLR 3211 (a) (7), a plaintiff has "no obligation to show evidentiary facts to support [his or her] allegations of malice on a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Kotowski v Hadley*, 38 AD3d at 500; *see Pezhman v City of New York*, 29 AD3d 164, 169 [2006]; *Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [2004]; *Terry v County of Orleans*, 72 AD2d 925, 927 [1979]; *Mellen v Athens Hotel Co.*, 153 App Div 891 [1912]). Thus, dismissal of the complaint pursuant to CPLR 3211 (a) (7) was not warranted (*see Mihlovan v Grozavu*, 72 NY2d 506, 508-509 [1988]).

The defendant's notice of motion did identify CPLR 3211 (a) (1) as one of the bases of her motion, and under that provision, a defense may provide a basis for dismissing a complaint if that defense is founded upon documentary evidence. The defendant, however, failed to submit documentary evidence "conclusively establishing . . . as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]) that her allegedly defamatory statements constituted a "fair and true" report of judicial

proceedings within the meaning of Civil Rights Law § 74, or that she was entitled to the benefit of the common interest privilege. Thus, dismissal of the complaint pursuant to CPLR 3211 (a) (1) was not warranted.

Contrary to the defendant's additional contention, the complaint set forth "the particular words complained of," and thereby complied with CPLR 3016 (a) (*see Pappalardo v Westchester Rockland Newspapers*, 101 AD2d 830 [1984], *affd for reasons stated* 64 NY2d 862 [1985]).

Finally, the Supreme Court providently exercised its discretion in declining to convert the defendant's motion into a motion for summary judgment pursuant to CPLR 3211 (c) (*see Nonnon v City of New York*, 9 NY3d at 827; *Mihlovan v Grozavu*, 72 NY2d at 508; *Bronner v Butterfield*, 2 AD3d 475 [2003]; *Scott v Cooper*, 215 AD2d at 369; *Pearsal Props. Corp. v Arzina Realty Corp.*, 139 AD2d 638 [1988]; *Shayne v Julien, Schlesinger & Finz*, 110 AD2d 761, 762 [1985]). In the absence of such a conversion, preceded by the required notice to the parties (*see* CPLR 3211 [c]), the motion could not be treated as one for summary judgment, since, contrary to the defendant's further contention, the parties did not make it "unequivocally clear" that they were "laying bare their proof" and "deliberately charting a summary judgment course" (*Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]; *see Mihlovan v Grozavu*, 72 NY2d at 508; *Pearsal Props. Corp. v Arzina Realty Corp.*, 139 AD2d at 639). Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.