■ ELYAS BOKHOUR, Respondent, v GTI RETAIL HOLDINGS, INC., Defendant, and THEODORE KETSOGLOU et al., Appellants. [941 NYS2d 675]—

In an action, inter alia, to recover damages for breach of a commercial lease, the defendants Theodore Ketsoglou and Andrew Seabury appeal from an order of the Supreme Court, Nassau County (DeStefano, J.), entered November 7, 2011, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d at 1181 [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). " 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus' " (*Sokol v Leader*, 74 AD3d at 1181, quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). However, "[a] court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a

motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader*, 74 AD3d at 1181; *see* CPLR 3211 [c]). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Sokol v Leader*, 74 AD3d at 1181-1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d at 275). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the plaintiff] has no cause of action" (*Sokol v Leader*, 74 AD3d at 1182 [internal quotation marks omitted]; *see Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]). "Indeed, a motion to dismiss pursuant to CPLR 3211 (a) (7) must be denied 'unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it' " (*Sokol v Leader*, 74 AD3d at 1182, quoting *Guggenheimer v Ginzburg*, 43 NY2d at 275).

Here, the appellants, who submitted evidentiary material in support of their motion, failed to demonstrate that any fact alleged in the complaint was undisputedly not a fact at all (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Sokol v Leader*, 74 AD3d at 1182). Accordingly, the Supreme Court properly denied the appellants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.