In an action, inter alia, to recover damages pursuant to 42 USC § 1983 for violation of federal constitutional rights under color of state law and for gross negligence, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 8, 2010, as granted that branch of the cross motion of the defendant Jamaica Hospital and Medical Center which was to dismiss the sixth cause of action pursuant to CPLR 3211 (a) (7), and the defendant Jamaica Hospital and Medical Center cross-appeals, as limited by its brief, from so much of the same order as denied *1104 that branch of its cross motion which was to dismiss the seventh cause of action pursuant to CPLR 3211 (a) (7).
Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The Supreme Court properly granted that branch of the cross motion of the defendant Jamaica Hospital and Medical Center (hereinafter the Hospital) which was to dismiss the sixth cause of action pursuant to CPLR 3211 (a) (7). The sixth cause of action sought to recover damages pursuant to 42 USC § 1983 for violation of federal constitutional rights under color of state law based on, inter alia, the plaintiff’s alleged false arrest and confinement at the Hospital, a private entity. Civil commitment by a private entity such as the Hospital, however, does not constitute state action (see Sybalski v Independent Group Home Living Program, Inc., 546 F3d 255, 259-260 [2008]; Hogan v A.O. Fox Mem. Hosp., 346 Fed Appx 627, 629 [2009]; Johnson v Unity Health Sys., 2010 WL 1404123, *3, 2010 US Dist LEXIS 30727, *8-9 [WD NY 2010]; Doe v Harrison, 254 F Supp 2d 338, 342-343 [2003]; Fahie v Rivera, 2009 WL 2780144, *2, 2009 US Dist LEXIS 74759, *3-4 [SD NY 2009]). Therefore, the Hospital cannot be liable to the plaintiff pursuant to 42 USC § 1983 (see Sybalski v Indep. Group Home Living Program, Inc., 546 F3d at 257).
The Supreme Court properly denied that branch of the Hospital’s cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the seventh cause of action, which alleged that the Hospital and its staff engaged in willful, malicious, and grossly negligent conduct and sought punitive damages based on that conduct. In support of this branch of the Hospital’s cross motion, the Hospital submitted evidence and argued that its management did not authorize, participate in, consent to, or ratify the alleged conduct giving rise to such damages or deliberately retain an unfit employee. The evidence submitted by the Hospital, however, did not demonstrate that any fact alleged in the complaint was undisputedly “not a fact at all” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Loughry v Lincoln First Bank, 67 NY2d 369, 378 [1986]; Sokol v Leader, 74 AD3d 1180, 1181-1182 [2010]). Accordingly, dismissal of the seventh cause of action pursuant to CPLR 3211 (a) (7) was not warranted. Dillon, J.P, Balkin, Belen and Chambers, JJ., concur.