Abdus-Salaam and Gische, JJ.,
dissent in a memorandum by Abdus-Salaam, J., as follows: I would affirm.
In this litigation by a Hispanic New York City police officer alleging discrimination based upon national origin, the complaint includes allegations that after plaintiff retired, he timely sought reinstatement; that although he timely sought reinstatement within a year of retirement he was reinstated without retaining his seniority and salary while similarly situated Caucasian officers were reinstated with their seniority and salary; and that these acts by the City of New York were in violation of his rights pursuant to the State and City Human Rights Laws (see Executive Law § 296; Administrative Code of the City of New York § 8-107). “On a CPLR 3211 motion to dismiss, the court will ‘accept the facts as alleged in the complaint as true, accord plaintiffi ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory’ ” (Nonnon v City of New York, 9 NY3d 825, 827 [2007]). Additionally, “employment discrimination cases are themselves generally reviewed under notice pleading standards” (Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009]). In “[a]p- *675 plying these liberal pleading standards” (id. at 145), the motion court properly found that plaintiff has stated causes of action for employment discrimination under both the State and City Human Rights Laws.