Ferrera v City of New York (2018 NY Slip Op 05824)





Ferrera v City of New York


2018 NY Slip Op 05824


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2017-06367
 (Index No. 504581/15)

[*1]Frank Ferrera, plaintiff-respondent, 
v
City of New York, et al., defendants-respondents, Philip S. Golub, et al., appellants.


James J. Toomey, New York, NY (Jason Meneses of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Jane L. Gordon and Dona B. Morris of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Philip S. Golub and Ann Marcus Golub appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated April 21, 2017. The order, insofar as appealed from, denied, without prejudice to renewal upon the completion of the depositions of those defendants, their pre-answer motion, denominated as one pursuant to CPLR 3211(a)(7) and 3212, to dismiss the complaint and cross claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 14, 2014, at approximately 12:30 a.m., the plaintiff, a New York City police sergeant, allegedly was struck by a tree branch from a decayed tree located in front of the premises owned by the defendants Philip S. Golub and Ann Marcus Golub (hereinafter together the defendants). The plaintiff commenced this action against the City of New York and the New York City Department of Parks and Recreation (hereinafter together the City) and the defendants to recover damages for personal injuries. The defendants served a pre-answer motion, denominated as one pursuant to CPLR 3211(a)(7) and 3212, to dismiss the complaint and cross claims insofar as asserted against them. The plaintiff and the City, inter alia, opposed the motion as premature. The Supreme Court, inter alia, denied the motion without prejudice to renewal upon the completion of the defendants' depositions. The defendants appeal from that portion of the court's order.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must " accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Sokol v Leader, 74 AD3d 1180, 1180, quoting Nonnon v City of New York, 9 NY3d 825, 827 [internal quotation marks omitted]). If the court considers evidentiary material, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied " unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it'" (Sokol v Leader, 74 AD3d at 1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275). We find that the plaintiff's complaint adequately pleaded a cause of action to recover damages for negligence against the defendants. While the defendants submitted affidavits [*2]in support of their motion, those affidavits were insufficient, at the pre-answer stage of the litigation, to show that no significant factual dispute exists as how the plaintiff was injured and as to whether the defendants created a defective condition that caused his injuries (see Guggenheimer v Ginzburg, 43 NY2d 268; Sokol v Leader, 74 AD3d 1180). Thus, the defendants failed to demonstrate their entitlement to dismissal (see Cohen v Finz & Finz, P.C., 131 AD3d 666, 666-667; Comprehensive Mental Assessment & Med. Care, P.C. v Gusrae Kaplan Nusbaum, PLLC, 130 AD3d 670, 672).
To the extent the defendants sought to have their motion treated as one for summary judgment, because the defendants moved prior to service of their answer, their motion could not properly be considered as a motion for summary judgment (see CPLR 3212[a]), and the Supreme Court did not convert it to a motion for summary judgment (see CPLR 3211[c]). Thus, neither the plaintiff nor the City (which had cross-claimed against the defendants) was required to "lay[ ] bare their proof," and both were entitled to a reasonable opportunity to conduct discovery (Wesolowski v St. Francis Hosp., 108 AD3d 525, 526 [internal quotation marks omitted]).
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying without prejudice to renewal upon the completion of the defendants' depositions, the defendants' pre-answer motion to dismiss the complaint and cross claims insofar as asserted against them (see Salameh v Yarkovski, 156 AD3d 659, 660; Postilio v Deblasi, 116 AD3d 832, 832; Baron v Incorporated Vil. of Freeport, 143 AD2d 792, 793).
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court