Nyari v Onefater (2019 NY Slip Op 02713)





Nyari v Onefater


2019 NY Slip Op 02713


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-01028
 (Index No. 504720/17)

[*1]Ildiko Nyari, appellant, 
v
Mikhail Onefater, respondent.


Ildiko Nyari, New York, NY, appellant pro se.
Lowenthal, P.C., Brooklyn, NY (Steven Lowenthal of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for negligence, the plaintiff appeals from stated portions of an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated November 1, 2017. The order, inter alia, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for negligence. The defendant moved pursuant to, inter alia, CPLR 3211(a)(7) to dismiss the complaint. In an order dated November 1, 2017, the Supreme Court, among other things, granted that branch of the defendant's motion. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Sokol v Leader, 74 AD3d 1180, 1181). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, accepting the facts as alleged in the complaint as true and according the plaintiff the benefit of every possible favorable inference, the complaint failed to state a cause of action (see CPLR 3211[a][7]). Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
In light of the foregoing, we need not reach the plaintiff's remaining contentions.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court