Sassi v Mobile Life Support Servs., Inc. (2019 NY Slip Op 07305)





Sassi v Mobile Life Support Servs., Inc.


2019 NY Slip Op 07305


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-00496
 (Index No. 51918/16)

[*1]Richard J. Sassi II, appellant, 
v
Mobile Life Support Services, Inc., respondent.


Sussman and Associates, Goshen, NY (Jonathan R. Goldman and Michael H. Sussman of counsel), for appellant.
Kaufman, Dolowich & Voluck, LLP, Woodbury, NY (Keith Gutstein and Matthew Cohen of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated December 14, 2016. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law (see Executive Law § 296). The defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. By order dated December 14, 2016, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Sokol v Leader, 74 AD3d 1180, 1180-1181 [citations and internal quotation marks omitted]). Applying this standard, we agree with the Supreme Court's determination to grant the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court