Nunez v Nalco Co. (2022 NY Slip Op 05603)

Nunez v Nalco Co.

2022 NY Slip Op 05603

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 155519/17 Appeal No. 16370 Case No. 2022-01960 

[*1]Jose Luis Nunez et al., Plaintiffs-Respondents,
v
Nalco Company, Defendant-Appellant, New York University, Defendant.

Seyfarth & Shaw LLP, New York (James S. Yu of counsel), for appellant.
Tomkiel & Tomkiel, P.C., White Plains (Stanley A. Tomkiel, III of counsel), for respondents.

Supplemental order, Supreme Court, New York County (Erika Edwards, J.), entered May 4, 2022, which, after a Frye hearing (Frye v United States, 293 F 1013 [DC Cir 1923]), denied defendant Nalco Company's motion to exclude the expert report and testimony of plaintiffs' expert, and denied Nalco's motion for summary judgment dismissing all claims against it, unanimously affirmed, without costs.
This action arises from personal injuries sustained by plaintiff Jose Luis Nunez, who alleges that he was injured when a cap from a canister in an HVAC cooling system blew off and struck him in the head as he was cleaning a filter on the canister.
The opinion of plaintiff's expert, Michael Klein, a professional engineer, is not premised on the type of "novel theory" that is subject to a Frye inquiry, and therefore, plaintiffs were not required to justify the admission of Klein's opinion by proving its general acceptance in the relevant scientific community (see Sadek v Wesley, 117 AD3d 193, 200-201 [1st Dept 2014], affd 27 NY3d 982 [2016]; Nonnon v City of New York, 32 AD3d 91, 103 [1st Dept 2006], affd 9 NY3d 825 [2007]). Klein testified that the methodology on which he relied was "[d]eductive reasoning," based on the Ideal Gas Laws, evidence of overfeeding of chemicals into the water system, photographs taken after the accident showing the state of the canister and foam on the floor, and testimony about how the accident occurred. Klein's deductions are based on principles that are sufficiently established to have gained general acceptance as reliable — namely, the Ideal Gas Laws — and application of deductive reasoning to those principles is not a novel methodology, as even defendant's expert concedes.
The case also does not present a situation in which "there is simply too great an analytical gap between the data and the opinion proffered" (see Cornell v 360 W. 51st St. Realty, LLC, 22 NY3d 762, 781 [2014] [internal quotation marks omitted]). Klein could reasonably deduce — based on evidence of the overfeed of chemicals into the cooling system, physical conditions consistent with an explosion from a gas buildup, and the principles set forth in the Ideal Gas Laws — that a buildup of gas caused the cap to explode off the canister. That the experiments performed by Nalco's expert did not support this deduction does not change the analysis, as defendants do not dispute that he did not precisely replicate all of the relevant conditions.
Nalco also failed to establish its entitlement to summary judgment dismissing all claims against it. The record presents numerous questions of fact about the alleged accident — for example, whether plaintiff's actions contributed to the blowing of the canister cap and whether a chemical overfeed caused a gas buildup and explosion. That there were no other incidents involving the canister, or that the HVAC system was designed to automatically address pressure increases, does not operate to preclude summary judgment, but simply [*2]presents additional issues of fact. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022