Matter of Bismout (Mosheyev) (2024 NY Slip Op 50448(U))

[*1]

Matter of Bismout (Mosheyev)

2024 NY Slip Op 50448(U)

Decided on April 12, 2024

Surrogate's Court, Queens County

Kelly, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 12, 2024
Surrogate's Court, Queens County

In the Matter of the Petition of Atara Bismout to remove Reuvan Mosheyev, and Margarita Yakubova as Trustee, and Other Related Relief in the Estate of Michael Mosheyev, Deceased.

File No. 2023-1245/A, B, C

Petitioner's Attorney: Suzanne M. Carter, Esq., Law Office of Suzanne M. Carter, LLC, 225 Broadway, Suite 180, New York, NY 10007 (877)706-3335
Guardian ad Litem: Sylvia E. DiPietro, Esq., Sylvia E. DiPietro, Esq., LLC - Guardian ad Litem, 55 West Fourteenth Street, Suite 4H, New York, NY 10011 (917) 596-0666
Respondent's Attorney: Michael L. Mangini, Law Offices of Michael L. Mangini, 18 W. 33rd Street, Suite 430, New York, NY 10001 (646) PROBATE

Peter J. Kelly, S.

In these proceedings the petitioner, Atara Bismout, as guardian of the property of Yosef Chaim Mosheyev ("Yosef"),[FN1]
 seeks the removal of respondents, Reuvan Mosheyev ("Reuvan") and Margarita Yakubova ("Margarita") as successor co-trustees of the MM Living Trust dated March 20, 2017 (the "Trust");[FN2]
 to disqualify Dr. Gene Lenetskiy as contingent successor trustee; the appointment of a successor trustee, or in the alternative, a receiver to manage the Trust property; and a judicial accounting of the Trust. 
Respondents move to dismiss the petition pursuant to CPLR § 3211[a][1], [2], [3], and [7]. 
By way of background, the petitioner and decedent Michael Mosheyev ("Michael") during their marriage had three children of their union, Michal, Mordechai, and Yosef. Michael, a Pennsylvania domiciliary, created the Trust for the sole benefit of his children after their divorce in 2014. The petitioner is the appointed guardian of the property of Yosef.
Simultaneously with the execution of the Trust, it appears that Michael executed a pour-over will leaving his entire estate to the Trust.Michael died on June 28, 2017. It is unknown if Michael's will was ever admitted to probate in Pennsylvania.
According to the terms of the Trust, Michael designated himself as Trustee and upon his death, his brother, Reuvan, and mother, Margarita, became successor co-trustees of the Trust. Dr. Lenetskiy is designated in the Trust to serve as successor trustee in place of either Reuvan or Margarita. Dr. Lenetskiy has not appeared in these proceedings, and thus has defaulted.
The Trust was executed in Pennsylvania and contains a choice-of-law provision that requires the instrument to be construed in accordance with the laws of the State of Pennsylvania.
New York courts will enforce a clear and unambiguous choice-of-law clause contained in an agreement so as to give effect to the parties' intent (Matter of Frankel v Citicorp Ins. Servs., Inc., 80 AD3d 280 [2d Dept 2010]). Although this rule applies to matters of substantive law, procedural matters are governed by the law of the forum (id.) Therefore, as to the issues pending, the Court shall apply the laws of the State of Pennsylvania to the substantive issues that arise herein, but apply the procedural rules of this state.
As a threshold matter, respondents claim that this Court lacks subject matter jurisdiction of these proceedings. However, SCPA § 207(1) confers upon the Surrogate's Court jurisdiction over the estate of any lifetime trust which has assets in the state or of which a trustee then acting resides in New York. It is uncontroverted that the Trust owns assets in New York and that the respondents, Reuvan and Margarita, reside in New York. Accordingly, this Court clearly has jurisdiction to entertain these proceedings, and the branch of respondents' motion to dismiss the petition pursuant to CPLR § 3211(a)(2) is denied.
Respondents also seek dismissal alleging petitioner lacks standing pursuant to CPLR § 3211(a)(3) based upon the fact that Petitioner is not a direct, or intended beneficiary under the Trust or nominated trustee. The question of standing is procedural in nature and must be determined according to the laws of New York (Royal Park Invs. SA/NV v Morgan Stanley, 165 AD3d 460 [1st Dept 2018], lv denied 32 NY3d 1143 [2019]). Although not specifically detailed in the petition, the petitioner's standing derives from her appointment and status as guardian of the property of Yosef (see SCPA § 401). As such, the branch of the motion seeking dismissal on lack of standing grounds is denied.
Respondents next seek dismissal of the petition pursuant to CPLR § 3211[a][7] on the grounds that petitioner has failed to sufficiently plead a claim for removal of Margarita, as successor co-trustee, and for the disqualification of Dr. Gene Lenetskiy as a successor trustee. In addition, respondents claim the petitioner failed to allege facts "tending to prove" that Reuvan breached a fiduciary duty or otherwise injured the Trust.
On a motion to dismiss a claim for failure to state a cause of action, the court is not called upon to determine the truth of the allegations in the petition (see, e.g., Campaign for Fiscal Equity v State, 86 NY2d 307 [1995]). Rather, "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (see Sokol v Leader, 74 AD3d 1180 [2d Dept 2010]; Nonnon v City of New York, 9 NY3d 825 [2007], quoting Leon v Martinez, 84 NY2d 83 [1994]). Whether petitioner can ultimately establish her allegations is not part of the calculus. The Court's role is limited to determining whether the pleading states a cause of action (see, e.g., Guggenheimer v Ginzburg, 43 NY2d 268 [1977]; Sokol v Leader, 74 AD3d 1180 [2d Dept 2010]).
Under Pennsylvania law, "a beneficiary may request the court to remove a trustee or a [*2]trustee may be removed by the court on its own initiative" (see Pa.C.S. § 7766 - UTC 706). The statute further provides, in relevant part, that: "[t]he court may remove a trustee if it finds that removal of the trustee best serves the interests of the beneficiaries of the trust and is not inconsistent with a material purpose of the trust, a suitable co-trustee or successor trustee is available, and (1) the trustee has committed a serious breach of trust; or.... (3) the trustee has not effectively administered the trust because of the trustee's unfitness, unwillingness or persistent failures" (Pa.C.S. § 7766 - UTC 706).
Initially, the Court acknowledges respondents are correct that the allegations of violence professed to have been committed by Reuvan against the petitioner, reprehensible as they may be, are not germane to these proceedings. Rather, such allegations should more appropriately be submitted to, and addressed in, a criminal forum. But on balance, a review of the petition demonstrates that although sparse, the claims set forth in the pleading regarding misappropriation of funds, self-dealing, withholding distributions, and failing to account, sufficiently set forth grounds for removal of respondents, as successor co-trustees of the Trust pursuant to Pa.C.S. § 7766 - UTC 706.
This is especially true as the guardian ad litem, having joined in support of the petition on behalf of her wards and in opposition to respondents' motion, has put before the Court a litany of serious allegations, with supporting documents, that buttress the petitioner's claims of flagrant misappropriation of Trust assets, breach of trust, and repeated self-dealing by respondents. This Court is neither obligated, nor inclined, to ignore such evidence. Therefore, the branch of respondents' motion seeking dismissal pursuant to CPLR §3211[a][7] is denied.
Turning to the branch of the motion to dismiss on the basis of documentary evidence, CPLR § 3211[a][1] permits dismissal only where the documentary evidence "utterly refutes" the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (Bedford-Carp Const., Inc v Brooklyn Union Gas, Co., 215 AD3d 907 [2d Dept 2023]). Respondents refer to the Trust instrument in support of their defense, but fail to demonstrate that the Trust provisions conclusively establish a defense as a matter of law to the allegations set forth in the petition. Accordingly, the branch of the motion seeking dismissal of the petition on the grounds of CPLR 3211[a][1] is likewise denied.
As the motion to dismiss is denied in all respects, respondents are directed to file their respective answers to the within petition within 10 days of service upon them of this decision and order. The Court notes it has previously issued an order compelling respondents to account on October 10, 2023, so an answer to that proceeding is not required as the issue is moot.
This is the decision and order of the Court.
The Clerk of the Court is directed to forward a copy of this decision and order to all the parties who have appeared in this proceeding.
Dated: April 12, 2024
ACTING SURROGATE

Footnotes

Footnote 1: At the commencement of these proceedings, Sylvia DePietro, Esq. was appointed as guardian ad litem to represent the interests of Michal and Mordechai.

Footnote 2: Although the title of the Trust indicates it is dated March 20, 2017, the Trust document reflects April 13, 2017 as the date of execution.