Gonnelly v Newburgh Operations, LLC (2025 NY Slip Op 01611)

Gonnelly v Newburgh Operations, LLC

2025 NY Slip Op 01611

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-00220
 (Index No. 200955/22)

[*1]Virginia Gonnelly, etc., respondent, 
v
Newburgh Operations, LLC, etc., appellant.

Caitlin Robin & Associates, PLLC, New York, NY (Mark A. Laughlin of counsel), for appellant.
Krentsel Guzman Herbert LLP (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated December 5, 2022. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In January 25, 2020, Josephine Engenito (hereinafter the decedent) was admitted to a nursing facility operated by the defendant. During the decedent's admission, she became infected with COVID-19, which resulted in her death on June 15, 2020. The plaintiff, as the administrator of the decedent's estate, commenced this action against the defendant, asserting causes of action, inter alia, alleging negligence and wrongful death. Prior to answering the complaint, the defendant moved pursuant to CPLR 3211(a) to dismiss the complaint, arguing that it was immune from liability under the Emergency or Disaster Treatment Protection Act (Public Health Law former art 30-D, §§ 3080-3082, repealed by L 2021, ch 96, § 1; hereinafter the EDTPA). The Supreme Court denied the defendant's motion, determining that the repeal of the EDTPA was intended to be retroactive and that, therefore, the defendant was not entitled to related immunity. The defendant appeals. We affirm, but on a different ground.
"As is relevant here, the EDTPA initially provided, with certain exceptions, that a health care facility 'shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services' as long as three conditions were met: [1] the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law; [2] the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives; and [3] the services were arranged or provided in good faith" (Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669, quoting Public Health Law former § 3082[1]). "The health care services covered by the immunity provision included[, at least initially,] those related to the diagnosis, prevention, or treatment of COVID-19; the assessment or care of an individual with a confirmed or suspected case of COVID-19; and the care of any other individual who presented at a health care [*2]facility or to a health care professional during the period of the COVID-19 emergency declaration" (id. at 669-670, citing Public Health Law former § 3081[5]).
Contrary to the Supreme Court's determination, the repeal of the EDTPA does not apply retroactively (see Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618; Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475; Whitehead v Pine Haven Operating, LLC, 222 AD3d 104; Ruth v Elderwood at Amherst, 209 AD3d 1281; see also Martinez v NYC Health & Hosps. Corp., 223 AD3d 731, 732; Mera v New York City Health & Hosps. Corp., 220 AD3d at 670). Nonetheless, the defendant did not conclusively establish that the conditions for its entitlement to immunity under the EDTPA were satisfied under the circumstances of this case (see Public Health Law former § 3082[1]; Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618). "On a motion made pursuant to CPLR 3211(a)(7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328; see Sokol v Leader, 74 AD3d 1180, 1181). Accordingly, the court did not err in denying the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
In light of the foregoing, we need not reach the defendant's remaining contention.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court