Brown v State of New York (2025 NY Slip Op 06595)

Brown v State of New York

2025 NY Slip Op 06595

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-06895

[*1]Justin T. Brown, etc., appellant, 
v
State of New York, respondent. (Claim No. 138123)

Lever & Ecker, PLLC, White Plains, NY (Daniel G. Ecker of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Cleland B. Welton II of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Richard E. Sise, J.), dated March 15, 2023. The order, in effect, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the claim.
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the claim is denied.
On August 24, 2020, the claimant, the front passenger of a motor vehicle, allegedly sustained injuries when the vehicle struck an opening in the median on the Queensboro Bridge lower roadway while traveling westbound. In August 2022, the claimant filed a claim against the State of New York, alleging that it was negligent in the design, construction, maintenance, and repair of the roadway at the accident location. Thereafter, the State moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the claim. In an order dated March 15, 2023, the Court of Claims, in effect, granted that branch of the State's motion. The claimant appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the claim must be afforded a liberal construction, the facts therein must be accepted as true, and the claimant must be accorded the benefit of every favorable inference" (Roemer v State of New York, 174 AD3d 931, 932). "A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d 1180, 1181). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (id. at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Doe v Ascend Charter Schs., 181 AD3d 648). "Yet, affidavits submitted by a defendant will almost never warrant dismissal under CPLR 3211 unless they establish conclusively that [the claimant] has no cause of action" (Sokol v Leader, 74 AD3d at 1182 [internal quotation marks omitted]). "Indeed, a motion to dismiss pursuant to CPLR 3211(a)(7) must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (id. [internal quotation marks omitted]; see TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 839-840; Belling v City of Long Beach, 168 AD3d 900, 901).
Here, the claimant adequately pleaded a cause of action to recover damages for negligence against the State. The claimant alleged, inter alia, that the State was negligent in the design, planning, implementation, construction, maintenance, and repair of the roadway where the accident occurred.
In support of that branch of its motion which was pursuant to CPLR 3211(a)(7) to dismiss the claim, the State submitted, among other things, the affidavit of Prakash Roy, regional claims engineer for the New York State Department of Transportation. Roy averred in a conclusory fashion that the State did not own or maintain the Queensboro Bridge westbound lower roadway. The State's submissions were insufficient to conclusively establish that the plaintiff has no claim to recover damages for negligence (see Guggenheimer v Ginzburg, 43 NY2d at 275; TV Tech Mgrs., Inc. v Cohen, 227 AD3d at 839-840; Doe v Ascend Charter Schs., 181 AD3d at 648).
The parties' remaining contentions are without merit.
Accordingly, the Court of Claims should have denied that branch of the State's motion which was pursuant to CPLR 3211(a)(7) to dismiss the claim.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court