Wilber v Borgen

2026 NY Slip Op 02001

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Rhonda Wilber, appellant,

v

Elliot J. Borgen, etc., et al., respondents. Rhonda Wilber, Brooklyn, NY, appellant pro se.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2020-08145, (Index No. 1596/19)

Lara J. Genovesi, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Phillip Hom, JJ.

McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated October 23, 2020. The judgment, upon an order of the same court dated November 1, 2019, denying the plaintiff's motion for leave to enter a default judgment against the defendants Saurabh S. Thakar and Maimonides Nursing Staff, and granting those defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them, and upon an order of the same court dated August 31, 2020, granting the motion of the defendants Elliot J. Borgen and Maimonides Medical Center pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them, is in favor of the defendants and against the plaintiff dismissing the amended complaint.

ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the causes of action alleging medical malpractice and lack of informed consent insofar as asserted against the defendants Elliot J. Borgen and Maimonides Medical Center; as so modified, the judgment is affirmed, with one bill of costs to the plaintiff payable by the defendants Elliot J. Borgen and Maimonides Medical Center, and one bill of costs to the defendants Saurabh S. Thakar and Maimoides Nursing Staff payable by the plaintiff, that branch of the motion of the defendants Elliot J. Borgen and Maimonides Medical Center which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging medical malpractice and lack of informed consent insofar as asserted against them is denied, the order dated August 31, 2020, is modified accordingly, the causes of action alleging medical malpractice and lack of informed consent insofar as asserted against the defendants Elliot J. Borgen and Maimonides Medical Center are reinstated, and the matter is remitted to the Supreme Court, Kings County, for severance of those causes of action and further proceedings on those causes of action.

In April 2017, the plaintiff was admitted to the defendant Maimonides Medical Center (hereinafter the hospital) and underwent a coronary angiography performed by the defendant Elliot J. Borgen. In April 2019, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent. Borgen and the hospital moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted [*2]against them. Thereafter, the plaintiff moved for leave to enter a default judgment against the defendants Saurabh S. Thakar and Maimonides Nursing Staff. Thakar and Maimonides Nursing Staff cross-moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them for lack of personal jurisdiction, among other grounds. In an order dated November 1, 2019, the Supreme Court denied the plaintiff's motion for leave to enter a default judgment against Thakar and Maimonides Nursing Staff and granted the cross-motion of Thakar and Maimonides Nursing Staff pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. In an order dated August 31, 2020, the court granted the motion of Borgen and the hospital pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them. Thereafter, the court issued a judgment, upon the orders, in favor of the defendants and against the plaintiff dismissing the amended complaint. The plaintiff appeals.

"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Lara v S & J Operational, LLC, 237 AD3d 1186, 1187 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 87-88). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19; see Kaufman v Kaufman, 206 AD3d 805, 806). "[O]n a motion made pursuant to CPLR 3211(a)(7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party" (Sokol v Leader, 74 AD3d 1180, 1181; see Gonnelly v Newburgh Operations, LLC, 236 AD3d 866, 868).

"A court is, of course, permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7)" (Sokol v Leader, 74 AD3d at 1181, citing CPLR 3211[c]). However, while CPLR 3211 permits a plaintiff to submit affidavits, it does not oblige one to do so on penalty of dismissal (see Rovello v Orfino Realty Co., 40 NY2d 633, 635; Sokol v Leader, 74 AD3d at 1181). "Unless the motion is converted into one for summary judgment pursuant to CPLR 3211(c), affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint, and such affidavits are not to be examined for the purpose of determining whether there is evidentiary support for the pleading" (Sokol v Leader, 74 AD3d at 1181 [internal quotation marks omitted]). "If the court considers evidentiary material, the criterion then becomes 'whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one'" (id. at 1181-1182, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275).

Here, the Supreme Court improperly granted the motion of Borgen and the hospital pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them based on the plaintiff's failure to comply with the court's earlier directive "to provide an affidavit from a physician attesting [to] the merits of her claims." The burden does not shift to the nonmoving party on a motion pursuant to CPLR 3211(a)(7). A plaintiff need not make an evidentiary showing in support of the complaint in order to defeat such a motion and will not be penalized for failure to do so (see Sokol v Leader, 74 AD3d at 1181). Here, where the motion was not converted into one for summary judgment, the plaintiff had no obligation to provide an affidavit from an expert to support the allegations in the amended complaint in order to defeat the motion of Borgen and the hospital (see generally id. at 1182).

"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Williams v Levine, 238 AD3d 960, 960-961 [internal quotation marks omitted], quoting Kunwar v Northwell Health, 229 AD3d 528, 532; see Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 618). "'To establish a cause of action to recover damages based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same [*3]position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury'" (Williams v Levine, 238 AD3d at 962 [internal quotation marks omitted], quoting Ciceron v Gulmatico, 220 AD3d 732, 735; see Orphan v Pilnik, 15 NY3d 907, 908). Here, accepting the allegations in the amended complaint as true and according the plaintiff the benefit of every possible favorable inference, the amended complaint sufficiently stated causes of action alleging medical malpractice and lack of informed consent insofar as asserted against Borgen and the hospital (see CPLR 3211[a][7]; see generally Williams v Levine, 238 AD3d at 962). Accordingly, the Supreme Court should have denied that branch of the motion of Borgen and the hospital which was pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging medical malpractice and lack of informed consent insofar as asserted against them.

The Supreme Court properly denied the plaintiff's motion for leave to enter a default judgment against Thakar and Maimonides Nursing Staff, and properly granted the cross-motion of those defendants pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them. The court failed to obtain personal jurisdiction over Thakar due to improper service (see id. § 308[2], [3]; Silvering v Sunrise Family Med., P.C., 161 AD3d 1021, 1022; Aurora Loan Servs., LLC v Gaines, 104 AD3d 885, 887), and Maimonides Nursing Staff is not a legal entity amenable to suit (see RKJWI Doe v Watchtower Bible & Tract Socy. of N.Y., Inc., 232 AD3d 637, 638; Chestnut v United Methodist Church, 230 AD3d 182, 197).

The parties' remaining contentions are without merit.

GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court